282 So.2d 285

**Jack E. GRANT et al.**

v.

**The CITY OF MOBILE, a municipal corporation.**

**Civ. 139.**

Court of Civil Appeals of Alabama.

June 6, 1973.

Rehearing Denied July 11, 1973.

686

William H. Brigham, Mobile, for appellee.

Mylan R. Engel, Mobile, for appellants.

HOLMES, Judge.

Jack E. Grant was dismissed from his employment with the Bankhead Tunnel De-

partment of the City of Mobile on July 9, 1971.

He appealed his discharge to the Personnel Board for Mobile County as provided by Act No. 470 as enacted by the Legislature of Alabama in the 1939 Regular Session and pertinent rules and regulations promulgated thereunder. After hearing *de novo*, as provided by Rule 14.7 of the Personnel Board of Mobile County, the Personnel Board of Mobile County, hereinafter referred to as the Board, on September 13, 1971, set aside the discharge of Grant and entered instead an order providing for a suspension from active duty without pay from July 9, 1971, until September 16, 1971, a period of sixty-eight days and thereafter he was to be "restored" to active duty. However, the above order of the Board was conditioned upon Grant's repayment of a sum of money which was missing due to his negligence.

The City of Mobile thereafter, pursuant to Act No. 470, Local Acts of Alabama 1939, appealed the order of the Board to the Circuit Court of Mobile County. Upon review, the circuit court reversed the Board and directed the reinstatement of the original discharge.

It is from the circuit court's order that the Board brings this appeal.

In this case the appellee has additionally filed a motion and moves this court to dismiss the appeal and as grounds therefor shows that effective February 9, 1973, possession of the Bankhead Tunnel and all the facilities connected therewith were transferred to the State of Alabama which then assumed all responsibility for the operation and maintenance of said tunnel. At this time the City of Mobile eliminated the Bankhead Tunnel Department and all toll collectors' positions.

As a consequence, there is no position of toll collector to which the appellant, Jack E. Grant, may be reinstated by means of this appeal; wherefore, appellee contends this cause is moot.

Appellant, in support of his objections to the Motion to Dismiss Appeal, contends that this appeal is necessary to determine certain substantive and intervening rights in that had the appellant, Jack E. Grant, been restored to active duty in compliance with the Board's order of September 13, 1971, he would have been eligible, under the law and rules of the Board, to have his name placed on a lay-off re-employment list, thereby becoming eligible for certification to other positions of employment under the civil service. Also, if issue is decided upholding the order of the Board restoring the employee to active duty status, then such decision would be relevant to a determination as to employee's back pay.

The general rule in this state is that if, pending an appeal, an event occurs which makes determination of it unnecessary, or renders it clearly impossible to grant effective relief, the appeal will be dismissed. State v. Burroughs, 285 Ala. 177, 230 So.2d 235; McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885; Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553; Gaines v. Malone, 242 Ala. 595, 7 So.2d 263; Coleman v. Mange, 238 Ala. 141, 189 So. 749. The rule was also stated thus in Allen v. Glover, 23 Ala.App. 404, 405, 126 So. 179, 180:

"As was said by the Supreme Court in the opinion in the case of State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214, 215, so we say here: 'The cause, in short, has become a moot case. There is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render, and we therefore decline to consider the case as now presented on its original merits.' And see Ex parte McFry, 219 Ala. 492 (second and third headnotes), 122 So. 641."

However, certain exceptions exist to the general rule cited above. It appears

that appellant's contention, raised by his objections to Motion to Dismiss Appeal, is that the case at bar falls within the exception where, if no decision of the question is made on the appeal, collateral rights of the parties dependent upon its decision will be left undetermined. This exception is recognized in Postal Telegraph-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann.Cas.1918B 554; Bradford v. State, 226 Ala. 342, 147 So. 182; Adams v. Riddle, 233 Ala. 96, 170 So. 343. Also, in Willis v. Buchman, 240 Ala. 386, 199 So. 892, citing C.J.S. Appeal and Error, it is said that where the subject of litigation is no longer in issue, the appeal will be dismissed unless the substantial rights and equities of the parties require adjudication.

■ It therefore follows that the eligibility of appellant, Jack E. Grant, to be placed on a lay-off re-employment list, thereby qualifying for certification to other positions of employment under the civil service and right to back wages, if appropriate, are such collateral rights and equities growing out of the question made on appeal that this court will not dismiss the appeal because of "mootness."

We think the case requires adjudication and in light of the above authorities, if it is held that the trial court below erred in setting aside and vacating the order of the Board of September 13, 1971, it is not beyond the power of this court to have that order set aside and to have the Board's order reinstated.

In this instance, there is an occasion or necessity for a judgment here, and an end to be accomplished by the judgment we might render.

Therefore, the motion to dismiss the appeal should be and is overruled.

The facts reveal that Grant was employed by the City of Mobile as a toll collector for Bankhead Tunnel and that it was the duty and responsibility of a toll collector to collect toll and to safeguard his collections. A safe was provided for money for collections to be placed in. On the day of the incident which brought about Grant's dismissal he, by his own records, placed two money bags containing his daily collection into the safe. Upon a check of the safe, one of the money bags was missing.

Both the City and the Board found that Grant was guilty of violating Rule 14.2(k) of the Personnel Board of Mobile County. Rule 14.2(k) reads as follows:

"CAUSE FOR DISMISSAL. 14.2 The tenure of every employee hereunder shall be during good behavior and the rendering of efficient service, but any employee may be dismissed or suspended for cause. The following are among the causes which shall be sufficient for dismissal or suspension: . . . (k) negligence or wilful damage to public property or waste of public supplies or equipment; . . ."

The only conflict between the City and the Board is the extent or severity of the punishment that Grant is to receive and the Board, by assignments of error, contends the trial court erred in vacating the Board's order.

It is necessary that the relationship, powers, and authority of review by and between the Board and the circuit court be examined.

Rule 14.7, adopted by the Personnel Board of Mobile County, is as follows:

"DECISION. 14.7 The hearing on appeal shall be de novo, and the Board may rescind, modify, alter or affirm the penalty imposed by the appointing authority, or may impose such additional or different penalty as may be warranted by the evidence adduced at the hearing. Within ten days after the conclusion of the hearing, the Board shall render its decision which shall forthwith be certified to the appointing authority and be enforced by him. Copies of the decision shall be delivered to all other parties at interest."

This rule has been the subject of litigation and in Jordan v. City of Mobile, 260

Ala. 393, 71 So.2d 513, the Supreme Court of Alabama upheld its validity. It is, therefore, clear that the Board has the power to modify or alter the penalty imposed by the appointing authority. It is also abundantly clear to this court that the Board is the trier of facts; otherwise, *de novo* would have a meaning other than that which this court understands it to be.

Section XXXIV of Act No. 470, Local Acts of Alabama 1939, reads as follows:

"*Court Proceedings:* Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board, by filing notice thereof with Board, whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said court. Findings of fact of said Board contained in such transcript if supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be conclusive on such appeal. The issues on such appeal shall be made up under the direction of the Court and within thirty days after said transcript is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard. If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."

■ The above section gives to the circuit court a right of review of the Board's order. This section makes clear that the discretionary actions of the Board, to wit,

the extent or severity of the punishment are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld and the conclusions or order from such findings shall be upheld unless unlawful or unreasonable within the meaning of the act.

■ Under Act No. 470, Local Acts of Alabama 1939, the circuit court should not make a determination of the wisdom and propriety of the action of the Board. Personnel Board for Mobile County v. Bunkley, 255 Ala. 299, 51 So.2d 368.

■ Therefore, contrary to the learned trial court's statement in its order, this court is of the opinion that the review of the Board's order by the circuit court is, subject to the specific provisions of Local Act 470 in effect, that of certiorari. See Jordan v. City of Mobile, *supra*; Edmondson v. Tuscaloosa County, 48 Ala.App. 372, 265 So. 2d 154; Personnel Board for Mobile County v. Bunkley, *supra*.

In this instance, the Board found, among other facts, from the evidence presented to it, that the employee Grant was guilty of the charge of negligently causing public property to be wasted; that Grant had been employed as a toll collector for twenty-seven months and had no suspensions or reprimands during that period; and that on other occasions, in the past, a toll collector was unable to account for all of his money. The Board further found that the City itself failed to provide the necessary safety measures and precautions to guard against loss of funds. The Board then, based on *all the evidence before it*, determined the action of the City in dismissing the employee was too severe and then entered its order heretofore mentioned above.

The circuit court, carefully following the provisions of Act No. 470, Local Acts of Alabama 1939, to wit, § XXXIV, found that the finding by the Board that the City failed to provide the necessary safety measures and precautions was unwarranted and that

there were adequate safeguards provided by the City and it reversed and vacated the Board's order.

The lengthy order of the trial court is in detail as to the safeguards the City has, the adequacy of these safeguards, and the excellent results from these safeguards. Without listing these safeguards, this court can say that it agrees with the learned trial court that there were adequate safeguards and the City is to be commended for its procedures. However, we cannot agree that because the Board was in error in finding there were inadequate safeguards that the circuit court was correct in vacating the order of the Board.

■ Here, in this instance, there was substantial evidence (substantial evidence as defined and discussed in Ex parte Morris, 263 Ala. 664, 83 So.2d 717) that Grant had been an employee for twenty-seven months without incident; that there had been other incidents involving loss of funds and the employees or employee was not discharged; and further, that the money was wasted because of negligence on the part of the employee. Was the reduction of the penalty imposed unwarranted or unreasonable under the law as the circuit court so found? We think not.

As noted earlier, Rule 14.7 of the Board gives the Board power to modify the penalty imposed by the appointing authority and this rule has been specifically declared valid the supreme court in Jordan v. City of Mobile *supra*. As the supreme court stated in *Jordan, supra:*

> "If it be appropriate or necessary to the just administration of the act that the board modify excessive punishment, then surely it is empowered to adopt a rule to that effect." . . . (260 Ala. at 400, 71 So.2d at 519).

■ It is evident to this court that from the wording of Act No. 470 and the appropriate rules adopted thereunder it was intended that the Board be given broad quasi-judicial power. Upon appeal by a discharged employee, sole authority to determine proper action in the case is given to the Board. It is not a question of the Board sustaining the action of the official making the discharge. The hearing before the Board is upon the charges made by the discharging authority, but the hearing before the Board is entirely *de novo* and the Board is free to take such action as, in its judgment, is warranted by the evidence. If its discretionary judgment is supported by substantial evidence, there is no authority in the circuit court upon review to supplant such judgment with its own.

Here, as seen from above, there is substantial evidence upon which the Board may be warranted in modifying or altering the penalty imposed by the appointing authority.

As our Presiding Judge Wright stated in Edmondson v. Tuscaloosa County, *supra:*

> "It is not within the power of the court reviewing the record to supplant the judgment of the Board with its own as to the extent or severity of the punishment." (265 So.2d at 159)

In this instance, it appears the court has done just that, and the conclusion that the Board's order was unwarranted is not correct.

In brief and in the learned trial court's order there is an apparent contention that the Board mitigated the punishment because the City did not charge the employee with a crime. This appears to be conjecture and a discussion of this argument is unnecessary and would only lengthen this already lengthy opinion.

The case is therefore due to be reversed with instructions that the order of the Personnel Board of Mobile County of September 13, 1971, be reinstated.

Reversed and remanded with instructions; Motion to Dismiss overruled.

WRIGHT, P. J., and BRADLEY, J., concur.