WRIGHT, Presiding Judge.
Husband appeals from a judgment increasing his child support obligation upon wife’s petition to modify a prior divorce decree. We affirm.
The parties were divorced in February 1976. The decree, by agreement, placed custody of the couple’s two minor children with the wife and required the husband to pay $25 per month per child ($50) in support. In July 1980 the wife filed a modification petition seeking increased child support. The petition alleged a material change in circumstances caused by: (1) the serious medical problems of the youngest child resulting in excessive medical expenses, (2) cost of living increases since the divorce decree and the need of the children resulting from their increasing ages.
After an ore tenus hearing, the trial court increased support for the youngest , child to $30 per week and ordered the husband to continue paying $25 per month support for the older child. The husband’s motion for new trial was denied and he appealed.
*316 The issue is simply whether the trial court abused its discretion in finding a material change in circumstances and ordering modification.
The record reveals that the youngest child, for whom the increase in support was ordered, suffers from the congenital defect of “open spine.” Since the parties’ divorce in 1976, the child has been operated on seven or eight times due to complications arising from this condition. In the year prior to modification the wife incurred s.ome $4,000 in medical expenses for the child above available insurance coverage. The child’s condition is recurring and subject to the likelihood of future complications and surgery. Although the parties were aware of the child’s condition at the time of divorce, the evidence, particularly that regarding cost of daily necessities of the child and the cost and frequency of medical care and surgery since the divorce, reflects an increased need for support since that time. It is indicative of a material change in circumstances.
The father has not contributed to the payment of the child’s medical expenses, other than the $25 per month required by the decree, since the parties’ divorce. He currently earns a salary of almost $15,000 per year and is in the process of selling certain real estate in which he holds a $45,-000 equity. Though contending financial inability to aid in support of his child, the father found the means to remarry and assume the support of a wife and her two children. He submits that responsibility as defense against payment of increased support to his own invalid child.
The husband makes much of the fact that the wife earns a salary greatly in excess of his and argues that the previously mentioned medical expenses present no real burden to her. The record does reflect that the wife is a hard working woman whose occupation as an insurance agent provides her with a substantial income. However, comparing the parents’ income is not the proper criteria for determining the amount of child support required of the father. Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). Neither does the income of the mother diminish the father’s legal and moral duty to support his minor children. Bill v. Bill, 370 So.2d 1023 (Ala.Civ.App. 1979). Even with the increase, the obligation of the father will continue to be minimal when compared to the undisputed contribution of the mother.
Finding evidence of a material change in circumstances, we find that the trial court did not abuse its discretion in increasing the father’s support obligations. The judgment of the trial court is due to be affirmed.
Upon the request of appellee, she is awarded an attorney’s fee of $300 for her representation on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.