This proceeding involves the consolidated appeal of sixty-four employees of the City *Page 788 
of Anniston from an order of the Calhoun County Circuit Court terminating their employment for their participation in a strike against the City.
The facts indicate that on the morning of June 11, 1979 a number of employees of the City of Anniston, as members of the American Federation of State, County and Municipal Employees, AFL-CIO, Local 1099, participated in a work stoppage against the City. Shortly after the strike began, the City sought an injunction against the striking employees in the Circuit Court of Calhoun County. The circuit judge issued a temporary restraining order enjoining the employees from (1) striking or otherwise engaging in a work stoppage against the City; (2) doing any act in furtherance of a strike or work stoppage; and (3) picketing or otherwise obstructing access to the City Hall and various other public buildings owned and operated by the City. The temporary restraining order was widely publicized, but the strike activities continued.
On the next day, June 12, the Anniston City Council met in open session to hear the grievances of the striking employees. The council, after hearing the employees' complaints, requested that the employees return to work and cease their strike activities, but the request was apparently ignored.
The strike continued until the afternoon of June 15. At that time the City commenced termination proceedings against the participants in the strike. The employees were served with written notice that the City would endeavor to terminate their employment, charging that:
 1. On June 11, 1979, you ceased performing your duties as an employee of the City of Anniston and have not performed any of your duties as an employee of the City of Anniston for the period June 11, 1979, through and until the present time without legal cause or legal excuse.
 2. That on June 11, 1979, Honorable Robert M. Parker, Presiding Judge of the Circuit Court of Calhoun County, Alabama, issued a temporary restraining order prohibiting you as an employee of the City of Anniston, Alabama, from taking part in a strike or otherwise engaging in a work stoppage against said City, a copy of which said order was duly served upon you or prior to the date of this notice — June 15, 1979 — you had knowledge of such order, and that you have willfully failed to comply with said order.
The employees filed written denials of the charges, and, on June 20 through 22, a pretermination hearing for each employee was held by the City Manager. Following the hearings, an order was entered in each case finding that each employee was guilty of the charges levelled against him.
The employees appealed their respective decisions to the Civil Service Board for the City of Anniston, and on September 6, 1979 the Board entered a written order affirming the City Manager's findings that the employees had engaged in illegal strike activities against the City. The Board found, however, that dismissal of the participating employees from employment with the City was too severe a punishment and ordered that each employee was to be suspended for a period of thirty working days, and was not to be paid for the period of time during which he was on strike. The Board further ordered that the employees should be reinstated to their jobs as of July 31, 1979, and should be paid for all working days subsequent to that date.
On October 4, 1979 the City appealed the ruling of the Board to the Calhoun County Circuit Court pursuant to § 14 (b), Act No. 592, Acts of Alabama 1953. The circuit court rendered a decree on July 10, 1981 finding that (1) the court was bound by statute to uphold the findings of the Anniston Civil Service Board, and (2) a public employee has no right to strike against his public employer, and the mere fact of his participation in a strike against the City "in and of itself terminated his employment." The court ruled that the Civil Service Board had no alternative but to uphold the decision of the City Manager dismissing the employees from their jobs. An application for rehearing filed by the employees was *Page 789 
denied, and on October 15, 1981 the employees filed notice of appeal to this court.
The real question to be decided by this court is whether the City of Anniston Civil Service Board was required to dismiss the employees for engaging in illegal strike activities. The circuit court found, and the appellee contends in brief, that participation in a strike by public employees automatically terminates their employment. On oral argument appellee relied on the recent supreme court case of Ex parte City of Florence,417 So.2d 191 (Ala. 1982), for its contention that the appellants should have been dismissed by the Civil Service Board rather than suspended for thirty days. We consider Exparte City of Florence to be dispositive of this appeal.
In the Florence case, twenty-eight City of Florence police officers were dismissed by the Florence Civil Service Board for engaging in illegal strike activities against the City. The policemen in that case were subject to a set of rules and regulations promulgated by the police department which provided, inter alia, that members of the department were subject to disciplinary action for absence from duty without leave or authorized permission and for failure to comply with written or oral orders. At the hearing before the Civil Service Board, the Board found that the policemen had violated the above rules and regulations, and upheld the dismissal of all striking employees. An appeal was taken to the circuit court and, on motion by the City, the circuit court granted a summary judgment based on the evidence before it. On appeal to the court of civil appeals, the grant of summary judgment was reversed on the ground that an appeal to the circuit court was by trial de novo, and the punishment to be imposed was a matter which should be determined by a jury.
The issue before the supreme court was whether a summary judgment was proper. Act No. 437, Acts of Alabama 1947, the Enabling Act of the City of Florence Civil Service Board, provides in pertinent part:
 14. Violations: Any person in the service of the City by appointment under civil service rules who shall wilfully, or through culpable negligence, violate any of the provisions of this article, and who shall be found guilty after a trial before the civil service board shall be dismissed from the service of the City, and shall not be subject to reappointment for two years.
The supreme court found that the mandatory language of section 14 requires that "when an individual governed by the act is found to have violated these rules and regulations `willfully or through culpable negligence,' the mandatory punishment is dismissal from service with the city." Since the Civil Service Board had made a finding that the policemen had violated certain rules and regulations of the police department, the supreme court reasoned that dismissal was required if the violations were committed willfully or through culpable negligence. The court went on to make a finding of willfulness, and thus found dismissal to be mandatory under the act. The grant of a summary judgment was determined to be proper under the circumstances of that case.
Appellants contend that Act No. 592, Acts of Alabama 1953, governing the Civil Service Board of the City of Anniston, is similar in its provisions to the Florence Civil Service Board Enabling Act, and that by analogy to the Florence case the dismissal of the striking employees in the present case is also mandatory.
Act No. 592, Acts of Alabama 1953, provides in pertinent part:
 Section 4. All employees of the city shall be governed by civil service rules and regulations prescribed in or promulgated pursuant to this Act, administered by a civil service board, the creation of which is provided for in Section 5 hereof. Present employees shall remain in their respective employments during good behavior; but nothing herein shall be construed to prevent or preclude the removal of an employee for cause in the manner hereinafter provided; and such employees, *Page 790 
except for appointment, shall be subject fully to the provisions of this Act.
. . . .
 Section 17. Any person in the service of the city by appointment under civil service rules or regulations who wilfully violates any of the provisions of this Act, or any rule or regulation issued in pursuance thereof, shall be dismissed from service under the system and shall not be reappointed for two years. [Emphasis ours.]
Based on the language of the act and the similarity between the two cases, we find the supreme court's opinion in the Florence
case to be dispositive of the issue in the present case. InFlorence, the Civil Service Board had made a finding that the striking policemen had violated certain departmental rules by being absent without leave and by failing to comply with oral and written orders. With the supreme court's finding of "willfulness," the facts of Florence fell squarely within the ambit of the mandatory dismissal language of § 14 of the Florence act.
We find that in the present case the striking employees likewise willfully violated a provision of the Anniston act, thus bringing into play the mandatory language of § 17. Section 4 of the act provides that employees of the City of Anniston shall remain in their jobs "during good behavior." The record shows that the City of Anniston disapproved of the employees' actions, specifically requested that they return to work, and charged that the employees had willfully refused to comply with a court order to return to work. The record further reflects that the Civil Service Board found that the employees had "ceased performing [their] duties . . . without legal cause or legal excuse," and that they "willfully failed to comply" with a court order to cease their work stoppage. In short, there is ample evidence in the record to show that the employees' conduct did not meet the "good behavior" standard prescribed by Act No. 592.
We also are of the opinion that the employees' violation of the provisions of the Anniston act was "willful," according to the language of the Florence case. As in Florence, the striking employees in the present case were aware that the City of Anniston had requested that they return to work, and knowingly refused to comply with that request. The issuance of the temporary restraining order by the circuit court was widely publicized, yet the employees failed to obey it. In the language of the supreme court in Florence, "[i]t is clear from the undisputed evidence that the [employees'] absence from work was, at some point, due to their willful refusal to return to work after being ordered to do so." By willfully refusing to cease the illegal strike activities, each employee subjected himself to the mandatory dismissal language of § 17 of the Anniston act.
We therefore affirm the judgment of the circuit court, and find that, under the statutory language of § 17, Act No. 592, Acts of Alabama 1953, and the Florence case, the employees involved herein were subject to mandatory dismissal. The institution of a lesser punishment by the Civil Service Board was error.
Appellants' last contention is that, because the City voluntarily reinstated the employees to their respective jobs following the Civil Service Board's decision and pending appeal to the circuit court, the case is moot. The general rule in this state is that if, pending an appeal, an event occurs which makes determination of the case unnecessary, the appeal will be dismissed. Grant v. City of Mobile, 50 Ala. App. 684,282 So.2d 285 (1973). However, in situations in which, if no decision of the question is made on appeal, the collateral rights of the parties dependent upon its decision will be left undetermined, an exception to the general rule will be made. Id.
We note that the language of § 17 of the act provides that any employee willfully violating a provision of the act "shall be dismissed from service under the system and shall not be reappointed for two years." Our decision on the issues involved in this case necessarily affects the employees' reappointment chances. Furthermore, as the *Page 791 
City points out in its brief, the decision of the Civil Service Board substituting a thirty day suspension as punishment for the employees' strike additionally provided that each employee was to be paid for all working days subsequent to the last day of the suspension period, in effect giving each employee unearned wages plus applicable fringe benefits for a five week period prior to the Board hearing. Even if we were to find that the reinstatement of the employees by the City pending appeal to the circuit court rendered the case moot, our determination of the issue before us would necessarily affect the parties' collateral rights, thus bringing into play the above mentioned exception. We are therefore of the opinion that the matter should not be dismissed as being moot.
For the foregoing reasons, we affirm the judgment of the circuit court ordering the dismissal of the employees involved in this appeal.
AFFIRMED.
WRIGHT, P.J., and BRADLEY and HOLMES, JJ., concur.