WRIGHT, Presiding Judge.
Divorce was granted in December 1979. Custody of two minor children was granted to the mother with visitation rights granted to the father. Support was ordered paid by the father. Subsequent difficulties arose between the parties relative to visitation with the children. In April 1982 the father filed a petition for modification of provisions of the divorce decree as to child support. He further sought a Rule Nisi alleging violation of his rights of visitation with the children. After hearing, the court reduced the amount of child support and altered the visitation privileges of the father.
The mother moved for a new trial or rehearing and requested a hearing of her motion. The court denied the motion the day after filing without permitting a hearing.
The mother has appealed, charging insufficiency of the evidence to show a change of *1077 circumstances necessary for modification of the prior decree. She also asserts reversible error in the failure to grant the requested hearing of her post-trial motion.
We held in the case of Steel v. Steel, 402 So.2d 1036 (Ala.Civ.App.1981) that Rule 59(g), A.R.Civ.P., requires that a post-trial motion not be ruled upon until the parties have been given an opportunity to be heard thereon. In this case not only was opportunity for hearing not given, but a request for such hearing was denied, and the motion was denied the day after filing, without notice, contrary to Rule 6(d), A.R.Civ.P. The denial of the motion is therefore set aside, and the cause is remanded for proceedings in accord with the Rules of Civil Procedure. Consideration of the other issues presented is withheld.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.