This is an appeal of the modification of a divorce decree.
The parties, former husband and wife, were divorced in 1979. The decree ordered the husband to pay $450 per month in child support ($225 per month for each of his two minor children), a pro-rata portion of the payments to be discontinued upon each child's nineteenth birthday or emancipation. In return, he was awarded reasonable visitation rights, including visitation for the entire month of July of each year.
After almost three years of disputes over custody and visitation rights and one earlier modification of the decree, the trial court granted the husband's petition for modification, reducing his support payments to $400 per month ($200 per child) and allowing him *Page 1302 
two additional weeks of summer visitation tangent to those already provided.
The wife's motion for new trial was denied. She appealed here. We reversed based on the trial court's failure to grant a hearing and remanded with instructions for a hearing to be conducted, 429 So.2d 1076 (Ala.Civ.App.). After a hearing on the motion, it was again denied. Again, she appeals here, asserting four errors: (1) that the petition to modify was not supported by a showing of a material change in circumstances; (2) that the modifications granted were not prayed for and, thus, improperly given; (3) that the trial court improperly made a comparison between her and her ex-husband's incomes; and (4) that the trial court erred in not granting a new trial.
A trial court may, in its discretion, modify an original award for alimony or support in a divorce decree. Skipper v.Skipper, 280 Ala. 506, 195 So.2d 797 (1967). However, a modification may only be granted upon the showing of a material change in circumstances, the burden of establishing such being on the moving party. Taylor v. Taylor, 418 So.2d 148
(Ala.Civ.App. 1982). The determination of whether a modification should be granted is solely within the discretion of the trial court. Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). Where, as here, a modification is rendered upon an ore tenus hearing, the findings of the trial court are presumed correct and will only be set aside on appeal if unsupported by any credible evidence so as to be plainly and palpably wrong.Brothers v. Vickers, 406 So.2d 955 (Ala.Civ.App. 1981).
This presumption of correctness also applies to the trial court's determination of visitation rights, which must be determined on a case-by-case basis, depending on the particular facts and personalities involved, Skipper, supra
195 So.2d at 799, keeping in mind the best interest and welfare of the children involved. Brothers, supra 406 So.2d at 958; Green v.Green, 47 Ala. App. 171, 252 So.2d 97 (1971). The trial court has broad discretion in such matters. Crane v. Crane,392 So.2d 242 (Ala.Civ.App. 1980).
The record reveals that the trial court considered several factors in granting the modification, including the remarriage of both parties. Although this alone is not grounds for modification, Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319
(1965), it may properly be considered as a factor. Wise v.Wise, 396 So.2d 111 (Ala.Civ.App. 1981). The trial court also properly considered other factors, including the husband's recent loss of military housing allowance, expenses incurred while the children were visiting him, his expenses in traveling from Kentucky to Alabama to exercise his visitation rights, and his impending transfer to Europe. We cannot say that these considerations evidence a clear abuse of discretion or that the modification granted was plainly or palpably wrong. Therefore, we find sufficient evidence to support the decision of the trial court.
Extension of the father's summer visitation privileges was proper even though he made no specific prayer for the extension in his petition. Rules 15 (b), 54 (c), 61, A.R.Civ.P., permit the trial court to render a judgment not based on the pleadings if the proof offered would support the judgment. Parrish v.Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979). Specifically, 54 (c) states that a final judgment shall grant the relief to which a party is entitled even though he failed to demand such relief in his pleadings. These rules apply to modifications of divorce decrees, allowing modification, notwithstanding the petitioning party's failure to so request. Parrish v. Parrish,supra at 1240. Although these rules will not be applied where undue hardship would result, such is not the case here. The wife knew of the presentation of evidence supporting the extension and, thus, was not prejudiced by the relief granted.Jackett v. Jackett, 380 So.2d 919 (Ala.Civ.App. 1980). *Page 1303 
Although comparison of the parents' income alone is not the proper criteria for determining the amount of child support required of the father, Palmer v. Palmer, 399 So.2d 315
(Ala.Civ.App. 1981), the record shows that this was not the only consideration. The trial court may consider many factors, including the wife's financial status and need, the financial ability of the former husband to pay and the needs of the dependent children. Parrish v. Parrish, supra
365 So.2d at 1239. The respective salaries of the parties, being a component of these factors, were properly considered.
Granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Hill v. Cherry, 379 So.2d 590 (Ala.Civ.App. 1980). Based on the above cited authority and a review of the record, we find no error in the trial court's failure to grant a new trial.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.