Christopher Adams was formerly a ninth grade student at Dothan High School. On October 18, 1984 Christopher admitted to Richard Grisby, administrative assistant at Dothan High School, that he had brought alcohol onto the school campus. On October 24, 1984, and after a hearing, the Dothan City School Board (Board) voted to expel Christopher for the remainder of the school year. The Board, however, granted *Page 581 
Christopher the right to apply for reinstatement after the year expired.
Christopher Adams and his father, Charles Adams, as father and next friend, filed a petition in juvenile court pursuant to section 12-15-30 (c)(2), Code 1975, asking that the expulsion of Christopher from school be set aside and that he be readmitted to his classes. The court rendered a judgment on February 28, 1985, denying Christopher's request for reinstatement and upholding the school board's action. Christopher and his father (appellants) filed a motion to set aside the judgment of the court or for a rehearing or new trial. The court denied their motion. Appellants seek review of those orders in this court.
Dothan City Board of Education, appellee, requests that this court dismiss the appeal on the ground that Christopher has been readmitted to Dothan High School for the 1985-86 school year and, therefore, the issue on appeal is moot. Appellee argues that because reinstatement was the only relief sought by appellants, determination of this appeal is not necessary.
The general rule is that "if, pending an appeal, an event occurs which makes determination of it unnecessary, or renders it clearly impossible to grant effective relief, the appeal will be dismissed." Grant v. City of Mobile, 50 Ala. App. 684,282 So.2d 285 (Ala.Civ.App.), writ denied, 291 Ala. 458, 282 So.2d 291
(1973). If, however, the collateral rights of the parties dependent upon a decision of the case will be left undetermined if no decision of the question is made on appeal, then an exception to the above general rule will be made. Adams v.Warden, 422 So.2d 787 (Ala.Civ.App. 1982).
As shown by appellants' brief, appellants are not only seeking Christopher's readmission to Dothan High School, but also to have his expulsion from school set aside and this black mark expunged from his school record. Clearly, the desire of the student to have this blemish on his school record removed if he in fact were wrongfully expelled is a matter that will be left undetermined should this appeal be dismissed. Since the validity of the expulsion is one of the issues before us on appeal, a dismissal of the appeal because the student has been readmitted to school will not afford the appellants effective relief. If allowed to stand, the expulsion will remain on Christopher's school record and follow him for the rest of his life. Surely this is a matter of sufficient importance to warrant review by this court. To allow this issue to go undetermined would cause Christopher to be denied a review of the main issue of his appeal, i.e. his expulsion from school. Therefore, we consider appellee's motion to dismiss the appeal is without merit, and it is denied.
On appeal appellants argue that Christopher's explusion from school is unlawful and invalid on several statutory and constitutional grounds and, therefore, the Board's and court's decisions should be set aside. The appellants also argue that the trial court committed reversible error by refusing to grant them a hearing on their motion for rehearing or new trial. Inasmuch as this contention is dispositive of the appeal, we do not reach the validity of Christopher's expulsion from school.
As noted above, the appellants filed a motion for rehearing or new trial after the trial court affirmed the Board's order expelling Christopher from school. At the same time that appellants filed their new trial motion, they also requested the court to give them a hearing on this motion.
On the next day and without a hearing, the trial court overruled the motion for rehearing or new trial requested by the appellants.
Rule 59 (g), Alabama Rules of Civil Procedure, provides in part as follows: "All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon."
In Steel v. Steel, 402 So.2d 1036 (Ala.Civ.App. 1981), we held that rule 59 (g), Alabama Rules of Civil Procedure, requires *Page 582 
that posttrial motions not be ruled upon by the court until the parties have had an opportunity to be heard thereon. In Steel the trial court had set the motion for hearing but failed to hold a hearing before ruling on the motion. And, in Frederick v.Strickland, 386 So.2d 1150 (Ala.Civ.App. 1980), we held that where a hearing on a motion for new trial was requested such hearing must be granted. See Butler v. King, 429 So.2d 1076
(Ala.Civ.App. 1983).
In the case at bar appellants filed a motion to set aside judgment of the court or for a rehearing or new trial. Appellants then requested a hearing of their motion. The court denied the motion the day after filing without permitting a hearing, contrary to rule 59 (g). By such action, the trial court committed reversible error. We note that rule 6 (d), A.R.Civ.P., requires that notice of the hearing on such motion must be served no later than five days before the time specified for the hearing. No such notice was given. Rule 59 (g) and rule 6 (d) were not followed by the court in this case. The court's denial of the motion is, therefore, set aside, and the cause remanded for proceedings in accordance with the Alabama Rules of Civil Procedure. We withhold discussion of other issues presented on appeal.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.