L. CHARLES WRIGHT; Retired Appellate Judge.
Paul Mills and Jane Christ were divorced in DeKalb County, Georgia in 1978. Dr. Mills received custody of the three minor children and Mrs. Christ was given visitation privileges. After the divorce Dr. Mills moved to Tuscaloosa, Alabama and Mrs. Christ moved to Switzerland. Subsequent problems arose involving visitation with the children. Since 1979 the parties have been involved in extensive litigation in Tuscaloosa County Circuit Court.
The facts pertaining to the issue on appeal are as follows:
*52 In October 1986, without benefit of counsel, Dr. Mills filed a petition with the trial court styled “Motion for a Hearing, Motion to Limit Hearing to Point of Law, Motion to Correct Basis of Law—Rule 12, Motion to Dismiss Actions Based on Hearing.” In the petition Dr. Mills alleged that the trial court did not have jurisdiction over the proceedings and that the only court with proper jurisdiction was the Superior Court of DeKalb County, Georgia. He asked the court to “recognize its error and ... correct itself by declaring all of its decisions null and void and therefore vacate itself from the lives of all parties.” A hearing between the trial court and Dr. Mills was scheduled for October 16, 1986. The record does not disclose an order resulting from this hearing. Between November 1986 and November 1987 several letters were exchanged between the trial court and Dr. Mills concerning problems with visitation. On May 8, 1988 Dr. Mills wrote to the trial court requesting “a hearing on my previously filed motion to abrogate all orders issued from the Circuit Court in the above case because of the court’s error.” No hearing was held and on May 25, 1988 the trial court signed a decree vacating prior judgments and orders. In doing so, the trial court found that:
“For whatever reason, known only to Dr. Mills, he now seeks to have all these matters set aside and the Court having given careful and long consideration to the protracted litigation that has occurred herein, finds that his request is well taken. It is the Court’s opinion that the granting of relief sought by Dr. Mills may well improve relationships between himself, Mrs. Christ and all three children.”
On June 21, 1988, through counsel, Dr. Mills filed a motion to vacate judgment or, in the alternative, for relief from judgment, pursuant to Rule 59(e) and Rule 60(b), Alabama Rules of Civil Procedure. He asked that the May 25 decree be vacated or set aside and that the previous orders and judgments be reinstated. The basis for his motion was that he did not receive the requested relief. Dr. Mills requested a hearing on his motion.
On June 27, 1988 the motion was denied without a hearing on the ground that the issues raised therein were moot. Dr. Mills appeals.
Dr. Mills argues that the trial court’s decree vacating prior orders and judgments is invalid on several grounds and, therefore, should be set aside. He also argues that the trial court committed reversible error in refusing to grant his “59(e)-60(b)” motion. Specifically, Dr. Mills argues that the trial court erred in refusing to grant the requested hearing on his motion. We find the latter contention to be dispositive of this appeal; therefore, we do not reach the validity of the trial court’s decree vacating prior orders and judgments.
Rule 59(g) provides in part that posttrial motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.”
In Adams v. City of Dothan Board of Education, 475 So.2d 580 (Ala.Civ.App. 1985), we discussed the unequivocal nature of Rule 59(g) and found that “where a hearing on a motion for new trial was requested such hearing must be granted.” Id. at 582. In Adams we found the following:
“In the case at bar appellants filed a motion to set aside judgment of the court or for a rehearing or new trial. Appellants then requested a hearing of their motion. The court denied the motion the day after filing without permitting a hearing, contrary to rule 59(g). By such action, the trial court committed reversible error. We note that rule 6(d), A.R. Civ.P., requires that notice of the hearing on such motion must be served no later than five days before the time specified for the hearing. No such notice was given. Rule 59(g) and rule 6(d) were not followed by the court in this case.” Id. at 582.
We find Adams to be dispositive of this issue.
Dr. Mills filed his “59(e)-60(b)” motion with a request that the trial court conduct a hearing. No hearing was scheduled or held. Six days later the trial court denied *53 the motion and merely notified counsel that it was doing so. The trial court’s refusal to entertain a hearing on the motion was contrary to Rules 59(g) and 6(d). The denial of the motion is set aside, and the cause is remanded for proceedings in accord with the Rules of Civil Procedure. Discussion of the other issues presented is withheld.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the judges concur.