Ernie Payne, the principal of Etowah High School, and the Attalla City Board of Education appeal from a final decree of the Juvenile Court of Etowah County.
The facts are not in dispute. One day in March 1989 J.T.N., a senior high school student, and two other students from Etowah High School, skipped some of their morning classes and came to school late, smelling of an alcoholic beverage.
J.T.N. admitted his conduct and Principal Payne, acting pursuant to the "Code of Student Conduct," placed him in the "alternative school"; the "alternative school" is a building on the Etowah High School property that is used for students with disciplinary problems and as an alternative to expulsion from school entirely. Such alternative *Page 831 
school is authorized by § 16-1-14, Code 1975. J.T.N., after having been sent to the "alternative school," was not allowed to participate in the "Etowah Singers" (school choir) or the "Distributive Education" program (work study), because they were "elective" courses and not required. J.T.N. was also not allowed to participate in certain extracurricular activities, such as the senior prom, because of his breaches of the "Code of Student Conduct."
In response to Principal Payne's disciplinary actions, J.T.N. filed a petition in the juvenile court below asserting, essentially, that placement in the alternative school would deprive him of his "rights to attend public school" and his "right to attend graduational ceremonies, dances, and functions." After a hearing in the juvenile court, an order was entered which placed J.T.N. back into regular school and allowed him to participate in all graduation and extracurricular activities; no disposition was ordered as to participation in the choir or "Distributive Education." Payne and the Board have appealed and assert two issues for our consideration.
One preliminary inquiry is mandated because J.T.N. has filed a motion in this court to dismiss the appeal on the ground that J.T.N. has now graduated from Etowah High School and that the issues presented by his petition in juvenile court are now moot.
"The general rule in this State is that if, pending an appeal, an event occurs which makes [the] determination of [the issues on appeal] unnecessary, or [which] renders it impossible to grant effective relief, the appeal will be dismissed."Grant v. City of Mobile, 50 Ala. App. 684, 687, 282 So.2d 285,287 (1973) (citations omitted); cf. Adams v. City of DothanBoard of Education, 475 So.2d 580 (Ala.Civ.App. 1985) (Adams sought readmission to school and to have his expulsion from school removed from his school record; dismissal of appeal would not allow Adams effective relief, even though he had already been readmitted to school for the year following his expulsion). In Grant our court stated that there were certain recognized exceptions to this general rule, such as, where the collateral rights of the parties that are dependent upon the decision will be left undetermined or where a broad public interest is involved. We do not consider this case to fit into one of those exceptions.
The disciplinary action of the principal, upheld by the Board, was to remove J.T.N. from attendance of regular classes and to place him in the "alternative school" for the remainder of the school year. The juvenile court overturned this action and ordered that J.T.N. be allowed to attend regular classes and to participate in certain extracurricular activities, including the senior prom. The appeal by Payne and the Board seeks to have the juvenile court decision reversed upon two grounds: that, because J.T.N. was eighteen years old at the time of the commission of the acts, he was not amenable to the jurisdiction of the juvenile court, and that the juvenile court erroneously replaced the Board's construction of its rule with the court's "own notion of the facts of the case." J.T.N. has now graduated and completed his education at Etowah High School. Nevertheless, the Attalla City Board of Education seeks an opinion from this court as to whether the juvenile court properly exercised jurisdiction under the facts of this case. For this court to issue an opinion on those questions would serve no reasonable end except to advise the Board as to how to proceed in the event it became a defendant in another case with identical facts. We choose not to do so. Appeal dismissed, as the original cause of this action is now moot.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur. *Page 832