ROBERT P. BRADLEY, Retired Appellate Judge.
This is a modification of alimony case.
The parties were divorced in the Circuit Court of Franklin County in March 1985. Pursuant to an agreement incorporated into the divorce decree, the husband was *1033 ordered to pay $500 per month as long as he was physically able to work.
In February 1991 the husband filed a petition to terminate alimony, alleging that he was suffering from degenerative arthritis and was no longer able to work. The wife filed an answer, along with a counterclaim seeking an increase in alimony.
After an ore tenus proceeding, the trial court entered an order finding that the husband was $4,500 in arrears for past alimony. The trial court specifically found that the husband was able to work, although not as strenuously as he could at the time of the divorce. Based on this change of circumstances, the trial court modified the husband’s alimony obligation to $350 per month “conditioned upon the payment of $4,500.00 within thirty (30) days and the prompt payment of monthly alimony in the future as the same shall come due.”
The wife subsequently filed a motion to alter or amend the judgment, or in the alternative, for rehearing. After a hearing on this motion, the trial court found that the husband owed an additional arrearage of $900. The husband appeals.
The husband argues that the trial court erred in failing to terminate his monthly alimony obligation altogether. Modification or termination of periodic alimony may be granted only upon a showing of a material change in circumstances. Butler v. King, 437 So.2d 1300 (Ala.Civ. App.1983). It is within the sound discretion of the trial court to determine whether such a change has occurred and its judgment on this issue will not be reversed except for an abuse of that discretion. Butler.
The husband stresses that the divorce decree requires him to pay alimony only as long as he is physically able to work. The husband claims that the evidence presented at trial unequivocally established his complete inability to work and that this change in circumstances warranted termination of alimony.
The record shows that the husband has owned an automobile body repair shop for a number of years. At trial the husband testified that his work in the shop is completely manual and includes replacing automobile parts, sanding, and painting. The husband introduced medical evidence to show that he is suffering from degenerative arthritis, which now prevents him from performing physical work and will worsen over time. The husband also presented evidence to show that he has no marketable skills that would help him find sedentary employment.
The wife testified at trial that the husband was not primarily a manual laborer in his own shop. The wife stated that during the time she was married to him, the husband’s main work was keeping the books of the business, attending car sales and auctions, and selling cars that were rebuilt in the shop. The wife also testified that the husband’s employees do almost all of the actual physical work on the cars. The husband conceded that these workers do welding, painting, and transmission work.
In cases where the testimony is in dispute, the trial court is free to choose which evidence to believe and to resolve the conflicts within its discretion. Watkins v. Montgomery Days Inn, 455 So.2d 23 (Ala.Civ.App.1984). It is not the duty of this court to weigh the evidence; rather, we must indulge all favorable presumptions to sustain the trial court’s judgment. Gann & Lewis Roofing Co. v. Sokol, 359 So.2d 815 (Ala.Civ.App.1978).
Here, after reviewing all the evidence and observing the demeanor of each witness, the trial court specifically found that the husband is still physically able to work. This judgment is supported by the wife’s testimony, which the court obviously found credible. The trial court did grant a substantial decrease in alimony based on the evidence presented by the husband. In view of this, and in accordance with our limited standard of review, we cannot say that the trial court’s judgment amounts to an abuse of discretion. The trial court’s judgment is affirmed.
*1034 The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.