The Mobile County Personnel Board ("the Board") and Sgt. Curtis Robinson of the City of Mobile Police Department appeal a circuit court's judgment reversing an order issued by the Board. We reverse.
Robinson was originally suspended without pay for 10 days by the City of Mobile, his employer. The City suspended Robinson after he wrote a letter to the sheriff of Baldwin County criticizing a fellow officer who was being considered for employment by the sheriff. Specifically, Robinson was charged with violating General Order 26.1.5, § 1.06.02 (revealing confidential information) and § 1.06.05 (engaging in statements that are false or made with a reckless disregard for the truth about police department personnel). At the time he wrote the letters, both Robinson and the other officer were working for the Mobile Police Department and Robinson was the other officer's supervisor. Robinson's letter was critical of the other officer's attendance record, his job performance, and his attitude toward minorities, which Robinson indicated was negative.
Robinson appealed his suspension to the Board. The Board ruled that Robinson had violated police department rules but concluded that the 10-day suspension was excessive and reduced it to 3 days. The City appealed to the Mobile Circuit Court, which reinstated the 10-day suspension, holding that the Board's ruling "was not based on substantial evidence and was contrary to law."
Robinson appeals and raises two issues. He first argues that the trial court erred when it determined that the Board's order was not supported by substantial evidence.
 "Because the Personnel Board hearing is designated as de novo, the Board acts as the trier of fact. Thus, it is the Board's duty to reach a determination with regard to any conflicting testimony. The circuit court, in its review of the Personnel Board order, was thus precluded from substituting its judgment for that of the Board.
 "So long as there was substantial legal evidence to support the Board's decision, the circuit court was bound to affirm. We are governed by the same standard; if we conclude that substantial evidence existed to support the Board's decision, we must uphold it. Substantial evidence is simply categorized as relevant evidence that a reasonable mind would *Page 643 
view as sufficient to support a determination."
City of Mobile v. Mills, 500 So.2d 20, 21 (Ala.Civ.App. 1986) (citations omitted).
Robinson does not dispute the validity of the Board's order with respect to whether he violated police department rules. He challenges only the circuit court's reinstatement of his original punishment by the City.
The City argues that the evidence did not warrant the Board's decision to reduce Robinson's punishment because it is undisputed that some of Robinson's allegations against the other officer, who was the subject of Robinson's letter, were not borne out by actual fact. The record indicates, however, that the Board was aware of the factual discrepancies when it determined Robinson's punishment. Cpt. Phillip Garrett of the Mobile Police Department testified before the Board that he was a member of the police department panel that reviewed the charges against Robinson. Garrett said that when Robinson explained to the panel his reasons for sending the letter, Robinson stated that there had been 10 or 11 citizen complaints against the other officer, but, according to Garrett, only 2 complaints against the officer had been filed with the Department's internal affairs division, and Robinson produced no documentation to support his claim that there had been 10 or 11 complaints. Garrett also stated that Robinson told the panel that the other officer had taken 27 sick days when, in fact, the roll-call records included duplicate copies, which reflected that the other officer's use of sick days was "considerably less" than 27 days.
Pursuant to Mobile County Personnel Rule 14.7, the Board has the authority to "rescind, modify, alter or affirm the penalty imposed by the appointing authority, or may impose such additional or different penalty as may be warranted by the evidence adduced at the hearing." See City ofMobile v. Mills, supra. The circuit court's review of the Board's action is very limited.
 "[T]he discretionary actions of the board, to wit, the extent or the severity of the punishment are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld and the conclusions or order from such findings shall be upheld unless unlawful or unreasonable. . . ."
Grant v. City of Mobile, 50 Ala. App. 684, 689, 282 So.2d 285, 289
(1973).
 "It is not within the power of the [circuit] court reviewing the record to supplant the judgment of the Board with its own as to the extent or severity of the punishment. The Board having heard the conflicting evidence sits in judgment as though it were a jury. Its finding is entitled to the same weight as that of a jury."
Edmondson v. Tuscaloosa County, 48 Ala. App. 372, 377, 265 So.2d 154, 159
(1972) (citation omitted).
Substantial evidence supported the Board's decision to reduce Robinson's punishment. The circuit court erred when it substituted its judgment for the Board's. Because we reverse on this basis, we need not review Robinson's other ground for reversal.
REVERSED AND REMANDED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur. *Page 644