THOMPSON, Judge,
concurring in the result.
In Act No. 79-524, Ala. Acts 1979, which is the enabling act for the Shelby County Law Enforcement Personnel Board (“LEPB”), § 16 states, in part:
“The county sheriff or any supervisory employee to whom the sheriff has delegated such disciplinary powers may remove, discharge, suspend or demote any subordinate employee of the sheriffs office ....
“If any aggrieved employee is suspended for more than one day, removed, discharged, or demoted, he shall be entitled to a board hearing on such disciplinary action, upon written demand thereon within ten days of such action....
“.... Upon a hearing, the board may order said employee reinstated with back pay from the time of such action to the date of reinstatement, or take or approve such disciplinary action as, in their judgment, is warranted by the evidence and under the law.”
Act No. 2003-265, Ala. Acts 2003, amends § 19 of the enabling act to state:
“An employee or appointing authority aggrieved by a decision of the board on the original hearing shall be entitled to a rehearing of the issue before the board.... If, on rehearing, the employee or appointing authority is aggrieved by the board’s decision such employee or appointing authority may appeal such decision to the Circuit Court of Shelby County.... Review by the court shall be without a jury and confined to the record, and to a determination of the questions of law presented.”
(Emphasis added.)
The Sheriffs Office and the LEPB have no disagreement as to the factual findings regarding Lawson’s actions. The LEPB did not disagree with the Sheriffs Office’s finding that Lawson committed criminal eavesdropping. In fact, the circuit court agreed with the LEPB’s findings with regard to the evidence. Rather the Sheriffs Office disagrees with the severity of the punishment imposed by the LEPB. However, the severity of the punishment is not within the purview of the trial court’s or this court’s review. In Grant v. City of Mobile, 50 Ala.App. 684, 282 So.2d 285 (Civ.1973), this court reviewed a decision of the Mobile County Personnel Board to set aside the dismissal of a county employee. There, the regulations of the Mobile County Personnel Board were similar to those in this case, stating that the Board “ ‘may rescind, modify, alter or affirm the penalty imposed by the appointing authority, or may impose such additional or different penalty as may be warranted by the evidence adduced at the hearing.’ ” Grant v. City of Mobile, 50 Ala.App. at 688, 282 So.2d at 288. The enabling act for the Mobile County Personnel Board also stated:
“ ‘Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board.... Findings of fact of said Board contained in such transcript if supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be *166 conclusive on such appeal.... If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same.’ ”
Grant v. City of Mobile, 50 Ala.App. at 689, 282 So.2d at 289 (quoting Act No. 470, Ala. Local Acts 1939, § XXXIV).
In construing the Mobile Circuit Court’s power to review the decisions of the Mobile County Personnel Board, this court stated that
“section [XXXIV] makes clear that the discretionary actions of the Board, to wit, the extent or severity of the punishment are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld and the conclusions or order from such findings shall be upheld unless unlawful or unreasonable within the meaning of the act.”
Grant v. City of Mobile, 50 Ala.App. at 689, 282 So.2d at 289 (emphasis added). See also City of Mobile v. Robertson, 897 So.2d 1156, 1159 (Ala.Civ.App.2004)(“The trial court is not permitted to judge the wisdom of the decision of the Board.”); Mobile County Personnel Bd. v. City of Mobile, 833 So.2d 641, 642 (Ala.Civ.App.2002)(confirming the standard used in Grant v. City of Mobile, supra); and Williams v. City of Dothan Pers. Bd., 579 So.2d 1350, 1353 (Ala.Civ.App.1990)(eoncluding that, under provisions similar to those in this case, “the appropriate standard of review in appeals of this nature is whether the board properly applied the law involved and whether the ruling is supported by any legal evidence”).
I find that the same rules apply to the decision of the LEPB, namely that neither the trial court nor this court may review the decision reached by the LEPB regarding the severity of the punishment given to Lawson. Here, because the Sheriffs Office does not challenge the factual findings made by the LEPB but only the severity of the punishment, I concur in the result on the basis that the trial court cannot review the severity of the punishment imposed by the LEPB.