Rel: September 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

––––––––––––––––––––––––––

### SC-2022-0897

––––––––––––––––––––––––––

**Aaron Johnson, Nancy Williams, Derek Bateman, Jack Ficaro, Dashonda Bennett, Latisha Kali, Quinton Lee, Esta Glass, Joyce Jones, Deja Bush, Jarvis Dean, Taja Penn, Lisa Cormier, Mia Brand, Tammy Cowart, John Young, Mark Johnson, Latara Jackson, Senata Waters, Raymond Williams, Cynthia Hawkins, Crystal Harris, Rashunda Williams, and Mary Blackerby**

**v.**

**Greg Reed, in his official capacity as Secretary of the Alabama Department of Workforce**

**Appeal from Montgomery Circuit Court**
**(CV-22-900134)**

<u>After Remand from the Supreme Court of the United States</u>

LEWIS, Justice.[1]

The United States Supreme Court has reversed this Court's earlier judgment in this case, <u>see</u> <u>Johnson v. Alabama Secretary of Labor Fitzgerald Washington</u>, 387 So. 3d 138 (Ala. 2023), and has "remand[ed] the case for further proceedings not inconsistent with [its] opinion." <u>Williams v. Reed</u>, 604 U.S. ___, ___,145 S. Ct. 465, 473 (2025).[2]

In this Court's previous opinion, we set forth the pertinent facts and procedural history as follows:

> "This suit began when 26 plaintiffs filed a complaint and motion for injunctive relief against [the] Secretary … and the Department, with each plaintiff pleading numerous claims related to the Department's handling of their unemployment-benefits applications. In essence, each of the plaintiffs had filed one or more applications for benefits and was unsatisfied with how the Department handled (or failed to handle) those applications. After [the] Secretary … and the Department moved to dismiss the complaint against them, the plaintiffs

---

[1]This case was originally assigned to another Justice on this Court; it was reassigned to Justice Lewis on May 22, 2025.

[2]"During this litigation, Alabama changed the name of its Department of Labor to the Department of Workforce, and Greg Reed, Alabama's first Secretary of Workforce, was substituted as the respondent." <u>Williams v. Reed</u>, 604 U.S., ___, ___ n.1, 145 S. Ct. 465, 468 n.1 (2025). We will refer to the Department of Workforce as "the Department" and to Secretary Reed as "the Secretary."

filed an amended complaint, which dropped several of their initial claims and also dropped the Department as a defendant.

"The surviving counts -- all of which are federal claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 -- alleged that [the] Secretary['s] … 'policies, practices, and procedures' related to 'unemployment compensation applications' violated the Social Security Act of 1935, 42 U.S.C. § 503(a)(1), as well as the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Each plaintiff demanded several forms of relief, including: (1) a permanent injunction directing [the] Secretary … to 'promptly make decisions on all applications' for unemployment compensation; (2) a preliminary injunction directing [the] Secretary … to 'issue an initial nonmonetary decision within the next ten days to every plaintiff who has not yet received a decision'; (3) a permanent injunction directing [the] Secretary … to 'pay every [unemployment-benefit] claim that has been approved within two days of the date of approval'; (4) a permanent injunction requiring [the] Secretary … to provide any claimants who request a hearing confirmation of the request and to 'schedule a date not more than 90 days later than the request for the hearing'; (5) a preliminary injunction directing [the] Secretary … to 'provide within ten days a hearing date for each of the plaintiffs who have requested a hearing'; (6) a permanent injunction directing [the] Secretary … to provide 'all information about the unemployment compensation program and all notices to claimants using language and format making them easily read and understood by people with an eighth grade education'; (7) a preliminary injunction compelling [the] Secretary … 'within two weeks to file a plan for rewriting notices and information sheets to ensure that they can be easily read and understood by people with an eighth grade education'; and (8) an order awarding the plaintiffs attorney fees.

"[The] Secretary … again moved to dismiss, arguing that the circuit court lacked subject-matter jurisdiction (on a variety of theories), that the plaintiffs lacked a private cause of action, and that the plaintiffs' claims were substantively meritless. The circuit court granted [the] Secretary['s] … motion without specifying the ground on which it based its dismissal. The plaintiffs promptly filed a motion to alter, amend, or vacate the judgment of dismissal, which the circuit court denied. The plaintiffs then timely appealed to this Court.[3]"

Johnson, 387 So. 3d at 140-41.

This Court affirmed the circuit court's judgment dismissing the case, stating that the "circuit court and this Court [lacked] power to address the merits of [the plaintiffs'] claims" because the plaintiffs had not exhausted their administrative remedies. Id. at 144. The plaintiffs then petitioned the United States Supreme Court for a writ of certiorari; that petition was granted. The United States Supreme Court held that this Court contravened its precedents by "interpret[ing] the State's administrative-exhaustion requirement for unemployment benefits claims to in effect immunize the … Secretary … from § 1983 due process suits alleging that the Department has unlawfully delayed in processing benefits claims." Williams, 604 U.S. at ___, 145 S. Ct. at 473. Therefore,

---

[3]Two of the plaintiffs in the circuit court did not appeal. See Johnson, 387 So. 3d at 140 n.1.

4

that Court "reverse[d] the judgment of [this] Court and remand[ed] the case for further proceedings not inconsistent with [its] opinion." Williams, 604 U.S. at ___, 145 S. Ct. at 473.

Upon remand to this Court, the Secretary filed an unopposed request for supplemental briefing; that request was granted by this Court. The Secretary represents that, "[t]oday, [the p]laintiffs have all either been paid in full or received administratively final denials, such that even a favorable decision from this Court 'would accomplish nothing' now." Secretary's supp. brief p. 6 (quoting Rogers v. Burch Corp., 313 So. 3d 555, 560 (Ala. 2020)). The plaintiffs deny the Secretary's contention and request that this Court remand this case to the circuit court for that court to make a determination on whether the case is now moot.

"'The general rule in this state is that if, pending an appeal, an event occurs which makes determination of the case unnecessary, the appeal will be dismissed.'" Slawson v. Alabama Forestry Comm'n, 631 So. 2d 953, 957 (Ala. 1994) (quoting Adams v. Warden, 422 So. 2d 787, 790 (Ala. Civ. App. 1982)). Here, the plaintiffs have requested only injunctive relief. If the Secretary's averment that "[the p]laintiffs have all either been paid in full or received administratively final denials" is

5

accurate, there would be no need for a determination of this case. However, the plaintiffs do not concede the accuracy of that statement.

Although this Court may receive facts concerning whether a case has become moot, see Aliant Bank v. Carter, 197 So. 3d 981, 984 (Ala. 2015), here, the supplemental briefs reveal a factual dispute germane to the issue of mootness that is better resolved by the circuit court. Therefore, we remand this cause to the circuit court to determine whether this case has become moot.[4]  See Johnson v. New York State

_____

[4]The plaintiffs argue that, even if the case were moot, it would fall within an exception to the mootness doctrine, specifically, because it is capable of repetition yet evading review.  "This exception applies when there is a 'significant issue that cannot be addressed by a reviewing court because of some intervening factual circumstance, most often that the issue will be resolved by the passage of a relatively brief period of time.'" Plunk v. Reed, [Ms. SC-2024-0021, Jan. 17, 2025] ___ So. 3d ___, ___ (Ala. 2025) (quoting McCoo v. State, 921 So. 2d 450, 458 (Ala. 2005)).  The plaintiffs have the burden of showing the applicability of the exception. See id.

As noted in this Court's previous opinion, this case arose from the following circumstances:

"With the onset of COVID-19, the Alabama Department of Labor received a record number of applications for unemployment benefits. To be precise, Alabamians filed nearly 1.5 million such applications with the Department between April 2020 and March 2022, far above the 737 applications that had been filed in May 2019, before the onset of COVID-19. Unsurprisingly, the Department struggled to

Educ. Dep't, 409 U.S. 75, 76 (1972) (remanding the case "to the United States District Court for the Eastern District of New York to determine whether th[e] case ha[d] become moot"); Crosby v. Seminole Landing Prop. Owners Ass'n, 265 So. 3d 266, 272 (Ala. Civ. App. 2018) (remanding the case "to the trial court with instructions for it to determine whether [the issue on appeal] is moot").  Due return shall be made to this Court within 42 days of the date of this opinion.

REMANDED WITH INSTRUCTIONS.

Stewart, C.J., and Bryan, Sellers, Mendheim, Cook, and McCool, JJ., concur.

Shaw, J., concurs in the result.

---

process the additional million-plus applications in a timely fashion. The plaintiffs …  are among the many individuals who experienced delays in the handling of their applications. Early last year, they brought this lawsuit in the Montgomery Circuit Court in an effort to jumpstart the administrative-approval process."

Johnson, 387 So. 3d at 140.

Considering the unprecedented circumstances that gave rise to this case, even if the circuit court determines that the case is moot, we cannot conclude that the plaintiffs have shown that this case falls within the proffered exception.   Therefore,  a  remand  is  necessary  for  a determination of the issue of mootness.

Wise, J., recuses herself.