51 So.2d 368

**PERSONNEL BOARD FOR MOBILE COUNTY v. BUNKLEY.**

**1 Div. 400.**

Supreme Court of Alabama.

March 15, 1951.

Albert J. Tully, of Mobile, for appellant.

Vincent F. Kilborn, of Mobile, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Mobile County setting

aside, annulling and holding for naught, an order of the Personnel Board for Mobile County denying the petition of the Tax Collector of Mobile County for reclassification of the position of a principal clerk in the Tax Collector's office to the position of chief clerk.

The legislature of 1939, by local act No. 470, Local Acts 1939, p. 298, created and established in Mobile County, Alabama, a county wide civil service system, affecting certain personnel whose compensation is payable from public funds. Certain employees of the Tax Collector's office came within the orbit of the act. The act created a personnel Director, Personnel Board and other agencies for the supervision and administration of the civil service system.

Honorable Frank Bunkley, the Tax Collector of Mobile County, as such tax collector petitioned or requested the Personnel Board, the designated authority for that purpose, to reclassify the position of principal clerk held by Mr. A. J. Siegelman to the position of chief clerk under the classification plan provided for in the act.

In support of his request to reclassify the position held by Mr. Siegelman, Mr. Bunkley, together with Mr. Luscher, the Deputy Tax Collector for Mobile County, appeared before a meeting of the Personnel Board held on July 25, 1949, and presented their case.

The record does not show that the evidence, information and arguments were taken down and transcribed by a reporter or stenographer in verbatim form. After the hearing the Personnel Board denied Mr. Bunkley's request.

Section 34 of Local Acts 1939, pp. 298–317, provides: "Court Proceedings: Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board, by filing notice thereof with Board, whereupon said Board shall certify to a transcript of the proceed-ings before it and file the same in said court. Findings of fact of said Board contained in such transcript if supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be conclusive on such appeal. The issues on such appeal shall be made up under the direction of the Court and within thirty days after said transcript is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard. If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."

In pursuance of Section 34, supra, Mr. Bunkley filed with the Personnel Board notice of appeal to the Circuit Court of Mobile County. Thereupon the Personnel Board filed in the circuit court a certified transcript of the minutes of the meeting of the Personnel Board held on July 25, 1949, in so far as the same relate to Mr. Bunkley's request and its denial. The minutes show the appearance of Mr. Bunkley and Mr. Luscher before the Personnel Board, the request for a reclassification of the position held by Mr. Siegelman, a narration of the information, reasons and arguments offered by Mr. Bunkley and Mr. Luscher in support of the request for a reclassification, and a denial of the request.

The circuit court set the cause for hearing in that court on September 6, 1950. It was continued to and heard on September 16, 1950, at which time the circuit court proceeded to try the case de novo. Final judgment was rendered on September 22, 1950.

In effect, the judgment of the circuit court set aside, annulled, and held for naught the order of the Personnel Board refusing to reclassify the position of principal clerk held by Mr. Siegelman to that of chief clerk; reclassified the position held by Mr. Siegelman; appointed Mr.

Siegelman to the position as reclassified without examination, and ordered the Personnel Board to conform its records to the order and judgment of the court. From that judgment this appeal is prosecuted.

Several important questions are presented by this record which, so far as we are advised, have not been passed on by this court.

In the first place, what does the provision in section 34, supra, "whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said court" contemplate:

In providing for an appeal to the circuit court to review such matters as are here involved, we do not think the legislature had in mind that the hearing before the Personnel Board should proceed as the trial of a case in a court of law. The matters here involved are administrative. We find no statutory requirement that the Personnel Board, in the performance of its administrative functions, keep any record, or transcript thereof, of the proceedings before it. Other than in section 34, supra, the only statutory reference to records is in section 8 of the 1939 Act, supra, when the Personnel Director is required to "attend all meetings of the Board, and provide for recording its official actions".

■■ It may be assumed that there is a general obligation upon the Personnel Board to keep some correct record of the proceedings of its meeting. It is generally held that the minutes of such meetings, properly transcribed and authenticated, are sufficient for that purpose. 42 Am.Jur., Public Administrative Law, §§ 75 & 235; Tate v. School District No. 11 of Gentry County, 324 Mo. 477, 23 S.W.2d 1013, 70 A.L.R. 771. The lower court did not find that the transcript of the proceeding before the Personnel Board did not actually contain all of the proceedings, nor did any witness so testify in the court below. We hold therefore that the minutes of the meeting of the Personnel Board were sufficient to satisfy the requirements of section 34, supra.

Section 34, supra, provides in part as follows: "The issues on such appeal shall be made up under the direction of the Court and within thirty days after said transcript is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard. If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."

The Court below stated the issues as follows: "Is the action of the Personnel Board in denying the foregoing petition unlawful or unreasonable within the meaning of the Act creating the Classified Service in Mobile County, and, if the Court should so find, in what manner and to what extent should the action of the Personnel Board be modified, or vacated."

■ A careful consideration of the record in conference convinces us that the trial court did not confine itself to the issues made up for trial in that court, but, instead, proceeded to a trial of all questions, including a determination of the wisdom and propriety of the action of the Personnel Board in denying the request for a reclassification of the position held by Mr. Siegelman. In fact a trial de novo of all issues. This is clearly demonstrated by the judgment of the trial court. In so doing the court committed error.

The above quoted provision of section 34, supra, provides specifically, that the trial in the circuit court shall proceed on the evidence contained in transcript of the proceedings before the Personnel Board, if it appears therefrom that said evidence was taken after notice and opportunity to be heard. Mr. Bunkley himself instituted the proceeding before the Personnel Board, appeared before the Board and participated in the hearing (see § 95, 42 Am.Jur. p. 424) and cannot be heard to say that he had no notice thereof. If, in fact the transcript of the proceedings before the Personnel Board is erroneous or incomplete that matter should be corrected before entering on a trial on appeal.

In our opinion the trial court misconceived its authority under the statute and

302

proceeded to try issues not contemplated by the statute, and as a consequence its judgment is founded in error and must be reversed.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.