SHORES, Justice.
This is an appeal by the County from a judgment for back pay, annual leave, etc., entered in favor of a deputy sheriff who the trial court found had been wrongfully discharged. We affirm.
Deputy Sheriff Daniels was notified by letter from the sheriff on November 28, 1979, that, beginning on November 29, he was suspended for ten working days without pay, this because of a violation of the department rules concerning drinking while off duty. He was ordered to return to work on December 12, 1979.
During this period, the sheriff learned that other employees were allegedly planning to walk off the job and, in fact, on December 7 and 8, a number of deputies, not including Daniels, did so. On December 8 or 9, the sheriff attempted to notify all of the deputies by letter, including Daniels, to report to work on December 10, 1979, at 8:00 a.m. When he could not be located, Daniel’s letter was left at his home. It is undisputed that Daniels received the letter after 8:00 a.m. on December 10.
On December 11, 1979, the sheriff sent another letter to all persons who did not show up for work on December 10, including Daniels, advising that their employment was terminated effective December 11, 1979, at 8:00 a.m. The reason for termination was said to be for leaving his post of duty on December 7 without permission or failing to report for duty on December 10, pursuant to the notice on December 9.
It is undisputed that Daniels did not leave his post on December 7. He was *1267 under suspension. He was still under suspension on December 10.
On January 7, 1980, the Lauderdale County Civil Service Board upheld the dismissal of all of the personnel who had engaged in the work stoppage. Daniels was included in the board’s order.
From this order, all of the deputies appealed to the Circuit Court of Lauderdale County. At this point, Daniels retained separate counsel. The County’s motion for summary judgment was granted against all of the terminated employees, excluding Daniels.
The court granted Daniels’s motion for summary judgment and, on February 20, 1981, entered an order in his favor ordering his reinstatement as a deputy with the Lauderdale County Sheriff’s Department. The trial court further stated: “In regard to any monetary damages to be assessed for any alleged wrongful dismissal the Court does not consider this at this time as this was not an issue in the appeal of this case nor is this issue properly before the Court....”
On April 1, 1981, Daniels filed a notice of claim with the Lauderdale County Commission, pursuant to § 6-5-20 and § 11-12-5, Ala.Code 1975, seeking back pay, uniform allowance, annual leave and sick leave, which totalled $14,297.25. Because the County Commission took no action on the claim, it was disallowed as a matter of law under § 6-5-20(b) on the ninetieth day after its presentment. Daniels then brought this action against the County for back pay, etc.
The case was submitted to the trial court on the pleadings, admission of facts, and stipulations. After considering these, the trial court entered its order on September 9, 1982, awarding Daniels a judgment in the amount of $14,086.59.
We affirm. The undisputed facts show that Daniels was improperly dismissed without a hearing. He did not leave his post without permission on December 7, 1979. He could not have done so because he was not on duty on that day, being under suspension for an unrelated incident. He was entitled to return to work on December 12,1979, and he is entitled to be compensated for the time for which he was wrongfully deprived of his salary and fringe benefits.
The County argues that his claim for those benefits is barred by res judicata or by the statute of limitations, arguing that he should have sought those benefits in the first appeal from the action of the personnel board. These arguments have no merit. Daniels followed the proper procedure in exhausting the administrative remedies regarding the legality of his dismissal. Only after that was established was he able to follow the statutory requirements of filing an itemized claim against the County as required by § 11-12-5 and § 6-5-20, Code, supra.
The judgment of the trial court is due to be affirmed on the authority of Jefferson County v. Reach, 368 So.2d 250 (Ala.1979). The procedure followed there was exactly the same. The only distinction in the facts there and here is that the dismissal of Reach was held by the Court to be proper after a hearing and, thus, he was entitled to back pay only from the date of dismissal to the date of hearing, which upheld the dismissal. In this case, the dismissal was not upheld. Thus, Daniels is entitled to be paid from the date of his dismissal to the date of his reinstatement, and this amount was stipulated.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.