This is an appeal of a termination of employment.
At approximately 2:00 A.M. on September 20, 1982, Mark D. Brown, a nineteen-year-old student at the University of South Alabama, was returning home from a fraternity meeting when he was stopped by a Mobile police officer. Brown had been observed driving in an erratic manner and when stopped appeared to be intoxicated.[1] Because Brown was acting arrogant and uncooperative, the officer called for assistance. He also contacted Brown's parents, intending to let them take the young man home rather than booking him for driving under the influence. Upon his parents' arrival at the scene, Brown, who at that time was in the back seat of the police car, became very unruly and began cursing and striking the doors and windows of the car. He was then arrested for disorderly conduct and taken to the police station for booking. *Page 389 
Upon arrival at the station, Brown was taken to the docket room where his personal property was to be taken from him and where he was to be booked. Franklin D. Lowery, a police officer of five years, six feet, six inches tall, weighing 300 pounds, who was on duty in the docket room, instructed Brown to place his hands atop the docket room counter. Lowery then began taking Brown's personal property and searching him for weapons. Brown, by all eyewitness accounts, continued to be argumentative and somewhat disorderly. Consequently, Sergeant William Lundy, who was in charge of the docket room that evening, ordered Lowery to take Brown directly to jail without completion of the usual booking process. Lowery told Brown to go down the hall toward the jail, at which time Brown again became argumentative, grabbing the metal screen of the booking room area and demanding that the money taken from him be counted in his presence. At this point, it is alleged that Lowery struck Brown, an incident which is the subject of this appeal. After the alleged blow, Lowery led Brown away to jail. Thereafter, Lundy reprimanded Lowery, informing him that, should he again strike a prisoner, he would be suspended without pay. That same night, Lundy filed an incident report recommending that an oral reprimand stand as the proper discipline for Lowery's actions.
Subsequently, Brown, believing that a portion of his money had been stolen from him when he was booked, filed a complaint with the police department. Whereupon, personnel from the internal affairs division along with Lowery's supervisor, Sergeant Lundy, reviewed a videotape of the incident in question in order to determine if a theft of Brown's property had occurred.[2] No misappropriation of Brown's property was revealed. However, upon reviewing the videotape, Lundy determined that Lowery's conduct had been much worse than he originally realized and changed his incident report to state that Lowery had assaulted Brown. The later report also recommended Lowery's dismissal. Upon viewing the tape, Lundy's superiors in the police department agreed with his recommendation. Lowery was given notice of the recommendation and a pre-termination hearing. The hearing concluded with Lowery's dismissal. Lowery appealed to the Mobile County Personnel Board. The board, after taking testimony and viewing the videotape of the incident entered a written order affirming Lowery's dismissal.
Pursuant to 1939 Ala. Acts 470, § 34, Lowery appealed to the Circuit Court of Mobile County. The transcript of the personnel board's hearing was certified to the circuit court. The circuit court entered an order finding substantial evidence to support Lowery's dismissal and affirmed the personnel board's decision.
Lowery appeals, asserting there was insufficient evidence to support the personnel board's findings and the circuit court's affirmance.
The only issue before us is factual — that being whether Lowery used excessive force against Mark D. Brown so as to warrant his dismissal. A brief review of the testimony before the personnel board is in order. Lowery stated that, in an attempt to remove Brown's hands from the cage, he struck Brown's right arm with the upper part of his right forearm. At which point, Lowery states, Brown's hand flew up near Brown's face and in officer Lowery's direction. Lowery, according to his own testimony, then slapped Brown's hand with his open hand, causing Brown's hand to strike Brown in the face. Lowery's account of the incident was supported by three other officers who were present at the time.
Brown stated that Lowery forearmed him in the neck causing a bruise. Lundy, having been the only other eyewitness and *Page 390 
having subsequently reviewed the videotape, testified that Lowery "knocked Brown away from the screen and then struck him in the face." Lieutenant Al Walther, Lundy's immediate supervisor, after viewing the tape, concluded that what took place was a clear violation of the law and an improper use of force. Major Robert Larison, the officer in charge of the Mobile Police Department's Central Services Bureau, testified, after viewing the tape, that Lowery's actions were not in keeping with proper police department procedure, were disgusting, revolting, uncalled for, brutal, and that they amounted to bully tactics.
After viewing the tape, the personnel board agreed with Lundy, Walther and Larison. The board concluded that Brown had indeed been "struck in the face and about the head."
In cases of this nature, the circuit court's review is limited to the record made before the personnel board and questions of law presented. Guthrie v. Civil Service Board ofCity of Jasper, 342 So.2d 372 (Ala.Civ.App. 1977). This court's review is also based on a review of the record before the personnel board. We look only to see if its findings are supported by substantial evidence. Guthrie, supra. We find that the decision of the Mobile County Personnel Board was so supported.
Our viewing of the videotape shows that, in addition to striking Brown's hand in order to remove it from the cage, Lowery also used the palm of his right hand in a stiff-arm or straight-arm motion to strike Brown in the face. Considering the testimony of Lowery's superiors that such force was unnecessary and a breach of police department policy, we find there was substantial evidence to warrant Lowery's dismissal. Therefore, we find no error in the ruling of the personnel board nor in the circuit court's affirmance thereof.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Brown later admitted to having consumed approximately eight beers in the eight-hour period prior to his arrest.
[2] The record shows that a videotape camera is installed in the booking area to record the confiscation of a suspect's valuables in order to insure that none are absconded with. This system protects both suspects and police personnel alike. The evidence also shows that Lowery activated the camera just prior to the incident in question and that he was aware that the camera was running at the time he allegedly struck Brown.