This is an employment termination case.
The City of Mobile (City) terminated the employment of a City police officer (the employee). The employee appealed the termination to the Mobile County Personnel Board (the Board), which, following a full hearing, or "trial," found that the employee should be reinstated to active duty with full pay.
From this determination the City appealed to the Mobile County Circuit Court, pursuant to section 34 of local Act 470. The circuit court affirmed the action of the Board, and the City appealed to this court. We affirm in part and reverse in part.
 I
The City argues that the circuit court erred in affirming the action of the Board because there was not substantial evidence to support its determination and, further, because the determination is contrary to local Act 470, section 34, which governed the authority of the circuit court to review *Page 433 
the Board's action. We disagree. The local Act provides:
 "Section XXXIV. COURT PROCEEDINGS: Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board, by filing notice thereof with Board, whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said court. Findings of fact of said Board contained in such transcript if supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be conclusive on such appeal. The issues on such appeal shall be made up under the direction of the Court and within thirty days after said transcript is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard. If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."
1939 Ala. Acts 470, Section 34.
Under this local Act the Board is given wide quasi-judicial authority, and it is before the Board that a trial de novo may be obtained by a civil service employee appealing his or her termination. Averyt v. Doyle, 456 So.2d 1096 (Ala.Civ.App. 1984); City of Mobile v. Personnel Board, 57 Ala. App. 516,329 So.2d 570 (Ala.Civ.App. 1976). Accord, Guthrie v. Civil ServiceBoard, 342 So.2d 372 (Ala.Civ.App. 1977); Edmondson v.Tuscaloosa County, 48 Ala. App. 372, 265 So.2d 154 (Ala.Civ.App. 1972).
Furthermore, the review provided for in the Mobile County Circuit Court by the local Act is limited and is, in effect, that of certiorari. Averyt, 456 So.2d at 1098; Grant v. City ofMobile, 50 Ala. App. 684, 689, 282 So.2d 285, 289
(Ala.Civ.App.), cert. denied, 291 Ala. 458, 282 So.2d 291
(1973). The circuit court's review is limited to the record made before the Board and to questions of law presented, and that court must affirm the judgment of the Board if there is substantial evidence to support its findings. Personnel Boardv. Bunkley, 255 Ala. 299, 301, 51 So.2d 368, 371 (1951);Averyt, 456 So.2d at 1098; Lowery v. City of Mobile PoliceDepartment, 448 So.2d 388, 390 (Ala.Civ.App. 1984); Grant,50 Ala. App. at 689, 282 So.2d at 289.
Under this limited standard of review, the circuit court may not judge the wisdom of the Board's decision. Grant,50 Ala. App. at 689, 282 So.2d at 289. Rather, if there is substantial evidence to support the Board's determination, the circuit court must affirm that decision and is not authorized to substitute its judgment for that of the Board. Grant,50 Ala. App. at 690, 282 So.2d at 290. Accord, Ex parte City ofTuskegee, 447 So.2d 713, 715-716 (Ala.Civ.App. 1984);Edmondson, 48 Ala. App. at 377, 265 So.2d at 158.
This standard of review which governs the circuit court also applies to this court. Lowery, 448 So.2d at 390. We have thus reviewed the record of the Board to determine whether the Board's decision is supported by substantial evidence, and we find that it is.
The employee was terminated due to his alleged physical inability or incapacity to perform his duties as a police officer. Specifically, he was terminated under Rule 14.2 (f) of the Board, which provides that a civil service employee may be dismissed or suspended for "incapacity due to mental or physical disability." Conflicting evidence was introduced at the trial before the Board as to the extent and permanent nature of the employee's disability. The employee's own doctor testified that he believed the employee's disability was *Page 434 
permanent but, subsequently, on cross-examination, stated that he could not give an opinion of whether or not the employee would ever reach a point where he could return to duty and that he had never advised the employee that he could not return to duty. Further, at the time the City discharged the employee, the doctor had not informed the City that the employee could never return to active duty. Additionally, the employee testified that he has always hoped his disability will cease and that he will be able to return to work. He stated that the testimony at the hearing before the Board was the first he had heard that he would be totally incapacitated.
Substantial evidence is "a rational basis for the conclusions approved by the administrative body." Ex parte Morris, 263 Ala. 664,668, 83 So.2d 717, 720 (1955) (citing Mississippi ValleyBarge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692,78 L.Ed. 1260 (1934)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morris, 263 Ala. at 668, 83 So.2d at 720 (citingConsolidated Edison Co. v. National Labor Relations Board,305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). See Grant v. Cityof Mobile, 50 Ala. App. at 690, 282 So.2d at 290 (in which this court relied upon Morris's definition of substantial evidence in reviewing action of the Board).
We agree with the circuit court that there is substantial evidence supporting the determination of the Board that the employee had not been properly discharged due to physical incapacity. The evidence was conflicting; the Board resolved that evidence in the employee's favor, and we cannot say that there was no "rational basis for the conclusions" of the Board or that there was not "such relevant evidence as a reasonable mind might accept as adequate to support" the Board's determination. Morris, 263 Ala. at 668, 83 So.2d at 720. We affirm as to that part of the circuit court's judgment which approved the Board's reinstatement of the employee.
 II In addition to affirming the Board's order which reinstated the employee, the circuit court held that Rule 3.6 of the Board was valid and did not conflict with the Alabama Workmen's Compensation Act, a holding which the City challenges on appeal. Rule 3.6 provides: "Any employee who is injured while performing the duties of his position, without fault or negligence on his part, shall be allowed such leave with pay as the Board deems proper, and such leave shall not be limited to the period of employment but may be extended to the full period of disability."
The question of the validity of Rule 3.6 was not presented to, nor decided by, the Board, the sole issue before which was whether the City's action in discharging the employee under Rule 14.2 (f) for physical incapacity was proper.
As noted above, the jurisdiction of the circuit court under section 34 of local Act 470 is limited to a review of the record from the Board and to the questions of law presented.Lowery, 448 So.2d at 390. It may not entertain a trial de novo
of the issues before the Board or of new issues. Bunkley,255 Ala. at 301, 51 So.2d at 371. In Bunkley, an appeal was made to the Mobile County Circuit Court by an employee from an unfavorable ruling by the Board. Rather than confining itself to determining whether the findings of the Board were supported by substantial evidence or whether the action of the Board was unlawful or unreasonable, the circuit court provided a trial denovo of all issues and made a determination of the wisdom or propriety of the Board's action. On appeal, the Alabama Supreme Court reversed and remanded, holding that the circuit court had "misconceived its authority" under section 34 of local Act 470.Bunkley, 255 Ala. at 301, 51 So.2d at 371. See Averyt, 456 So.2d at 1098 (opining that the Mobile County Circuit Court should not offer a discharged employee who is seeking redress through the statutorily mandated process of local Act 470 a trial de novo on *Page 435 
the merits of his dismissal). Cf. Ex parte City of Tuskegee, 447 So.2d at 716 (granting writ of prohibition and remanding case to circuit court which was found to have exceeded its jurisdiction on appeal from city council by hearing merits of city police officer's dismissal by the council).
The circuit court exceeded its jurisdiction in rendering an opinion as to the validity of Rule 3.6. That part of the circuit court's order which addresses Rule 3.6 is therefore reversed.
This court should not be interpreted as holding, however, that the circuit court's ruling as to the validity of Rule 3.6 was incorrect. We reverse only because that court had no jurisdiction to make any determination regarding Rule 3.6.
 III
Finally, the City also argues on appeal that the employee is not entitled to pay under Rule 3.6 because he was negligent or at fault in the accident which caused his disability. As with the issue of the validity of Rule 3.6, the question of the employee's negligence was not presented to or decided by the Board. The question of negligence was, therefore, not before the circuit court, which noted in its final order that there had been no legal finding of fault on the part of the employee, and the question of negligence may not be raised now on appeal to this court. Lowery, 448 So.2d at 390.
This case is affirmed in part, and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.