Carl Freman appeals from the trial court's order which, pursuant to § 34, Act No. 470, Local Acts of Alabama 1939, sustained the findings of the Personnel Board of Mobile County (board). The board upheld the dismissal of Freman from the City of Mobile Police Department. We affirm.
The dispositive issue is whether the findings of the board are supported by substantial evidence.
We note at the outset that the trial court's review of the board's findings is limited to the record made before the board and to the questions of law presented and that substantial evidence to support the board's findings requires that court's affirmance of the board's judgment. City of Mobile v. Seals,471 So.2d 431 (Ala.Civ.App. 1985). The trial court may not substitute its judgment for that of the board. Id. Further, the trial court's standard of review applies to this court as well.Id.
Substantial evidence is that which would be more than a mere scintilla of the evidence and less than a preponderance of the evidence. Ex parte Morris, 263 Ala. 664, 83 So.2d 717 (1955). It is such relevant evidence as might be accepted as adequate to support a conclusion by reasonable minds. Ex parte Morris,263 Ala. 664, 83 So.2d 717; Seals, 471 So.2d 431.
Freman was terminated due to numerous alleged acts of perverse, abusive, and harassing sexual behavior, both on and off the job. The charges stemmed from actions with his former wife, two of his daughters, co-employees, and a prostitute.
Freman contends that there was not substantial legal evidence to support the board's decision because, he claims, the trial court eliminated all charges relating to "kinky sex" and "sexual affairs" and found substantial evidence based on child abuse and gun play, which allegedly occurred at home. He argues that he cannot be dismissed for conduct unbecoming an officer if the unbecoming conduct occurred while he was off duty.
However, although the trial court told Freman's attorney at the hearing that he did not want the attorney to talk about kinky sex because he was more concerned about the use of guns, the trial court's review of the evidence was limited to the record made before the board. Therefore, the evidence concerning those issues was already before the trial court. In addition, the trial court stated at the conclusion of the hearing as follows: "I do not find any particular ground that the Personnel Board used to be entirely invalid and I am not making any effort to rule one way or another on the validity or invalidity of particular grounds. But I simply say that I see *Page 333 
a number of grounds that are patently valid and patently supported by a super abundance of evidence." Therefore, we find that the trial court did not eliminate any of the charges considered by the board.
Furthermore, even if the issues concerning Freman's on-the-job behavior had been eliminated, off-duty conduct can support a charge of behavior unbecoming a police officer.See Guthrie v. Civil Service Board of Jasper, 342 So.2d 372
(Ala.Civ.App. 1977).
After reviewing the record, we find that there was substantial evidence to support the findings of the board and further find that this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.