The City of Mobile (City) terminated the employment of Thomas Trott, a City police officer. The dismissal was upheld by the Mobile County Personnel Board (Board), with one member dissenting. Trott appealed to the trial court, which vacated the Board's order and held that the order and findings of the Board affirming the dismissal of Trott were not supported by substantial legal evidence. The trial court remanded the case, ordering the Board to remand to the City, if deemed appropriate, for the City to take appropriate disciplinary action, if any, on the remaining charge. The City and the Board appeal. We reverse and remand.
At the outset we note that review by the circuit court is, in effect, that of certiorari and is limited to the record made before the Board. City of Mobile v. Seals, 471 So.2d 431
(Ala.Civ.App. 1985). The trial court may not judge the wisdom of the Board's decision; rather, if substantial evidence supports the Board's judgment, the trial court must affirm that judgment.Id. In addition, the same standard of review applies to this court. Id.
Substantial evidence is more than a mere scintilla and less than a preponderance of the evidence. Ex parte Morris, 263 Ala. 664, 83 So.2d 717 (1955). It is relevant evidence that provides a rational basis for the conclusions approved by the Board and that might be accepted by reasonable minds as adequate to support a conclusion. Id.; Seals, 471 So.2d 431.
The record indicates that a female friend asked Trott, an "amateur" photographer, to take pictures of a twenty-year-old woman who wanted a portfolio for modeling or sending to magazines. The friend rented a hotel room, and the three met there for the ensuing photo session. The session lasted some three and one-half hours, during which photographs were taken ranging from the woman wearing some items of clothing, lingerie, or bathing suits to nude photographs graphically displaying the woman's genital area being touched by her.
The woman signed a "model release contract" subsequent to the session, which gave Trott the rights to the photographs and the right to sell them to magazines. On discovery of the existence of the photographs approximately two months after the session, the woman's mother demanded that Trott's female friend return the photographs to her. Because of the cost of the photo session, Trott agreed to return the photographs only if they were purchased from him. The mother then contacted a friend who knew someone in the police department, and the police department began an investigation.
During the investigation Trott stated that he had checked the woman's age on the Alabama Criminal Justice Information *Page 923 
Center. He also stated that obtaining a release was necessary in order for him to send the photographs to magazines for publication or to enter them in contests.
The Board, in its order, found that the dismissal action taken by the City was not arbitrary or unwarranted, but was reasonably taken, and the Board affirmed the dismissal. The Board found that Trott (1) had violated § 13A-12-151(2), Ala. Code 1975, wherein it states that it shall be unlawful for any person knowingly "to possess any obscene work with intent to exhibit it for monetary consideration, or to make, manufacture, print, prepare, publish, produce or possess any obscene work with intent to sell or distribute it;" (2) had accessed the Alabama Criminal Justice Information Center to obtain information for his personal use in violation of police department policy and Alabama Criminal Justice Information Center policy; and (3) was guilty of conduct unbecoming a police officer.
The trial court assumed that the Board found a violation of § 13A-12-200.2(1), the successor statute to § 13A-12-151. It found that there was not substantial legal evidence that Trott violated § 13A-12-200.1, which defines obscene material, because, the trial court stated, there was no evidence at the Board hearing that the photographs violated any contemporary standards. The court also found that, because Trott was not on duty and did not hold himself out as a police officer during the photography session, there was no legal evidence to find him guilty of conduct unbecoming a police officer. However, the trial court did find that there was substantial legal evidence that Trott violated a rule and regulation of the police department by accessing the Alabama Criminal Justice Information Center for personal use and remanded the case to the Board for further action.
The City and the Board contend that the trial court erred in holding that there was no legal evidence to find that Trott was guilty of conduct unbecoming a police officer. We agree and find this issue to be dispositive.
The Board found that taking the photographs and obtaining a release which allowed the distribution of them was conduct unbecoming an officer. However, the trial court found that, based on Robinson v. State, 361 So.2d 1113 (Ala. 1978), since Trott was not on duty when the offense was committed, there was no legal evidence to sustain the charge of conduct unbecoming a police officer. In Robinson, the defendant was convicted of the offense of assaulting with a deadly instrument a peace officer engaged in the active discharge of his duties. The Alabama Supreme Court, strictly construing a criminal statute, held that the peace officer, who was off duty and employed as a bank security guard, was not engaged in the active discharge of his lawful duties as a peace officer at the time of the assault. In the present case none of the pertinent rules and regulations allegedly violated require that the officer be engaged in the discharge of his lawful duties at the time of the violations. Furthermore, off-duty conduct can support a charge of behavior unbecoming a police officer. See Guthrie v. Civil Service Boardof Jasper, 342 So.2d 372 (Ala.Civ.App. 1977).
Because it is clear that off-duty conduct can support a charge of behavior unbecoming a police officer, we find that there is substantial evidence in the record to support the Board's finding that Trott engaged in behavior unbecoming a police officer and that such a finding alone is sufficient to support the decision to discharge Trott. See Guthrie,342 So.2d 372. This finding, together with the undisputed finding of the Board and the trial court that Trott violated a rule and regulation by accessing the Alabama Criminal Justice Information Center for personal use, is sufficient to allow this court to pretermit other issues as unnecessary.
Based on the above, we find that there was substantial evidence to support the Board's decision of dismissal, and we further find that the judgment is due to be reversed and the cause remanded with instructions to enter an order consistent with this opinion. *Page 924 
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.