L. CHARLES WRIGHT, Retired Appellate Judge.
William Adair was terminated from his position with the Pleasant Grove Public Safety Department for violating personnel board rules and regulations. Adair appealed the dismissal to the Jefferson County Personnel Board, which affirmed the termination. He appealed the personnel board’s decision to the Circuit Court of Jefferson *319 County. The transcript of the personnel board’s hearing was certified to the circuit court. The circuit court entered an order finding substantial evidence to support Adair’s dismissal and affirmed the personnel board’s decision.
Adair appeals and maintains that his dismissal was not supported by substantial evidence.
In cases of this nature, the circuit court’s review, as well as our review, is limited to an examination of the record made before the personnel board and questions of law presented. Lowery v. City of Mobile Police Dep’t, 448 So.2d 388 (Ala.Civ.App.1984). We must affirm the board’s decision if it is supported by substantial evidence. Lowery.
The record reflects that Adair was employed as a police sergeant with the city of Pleasant Grove and had been so employed for approximately eight years. The public safety director for the city testified that he first became concerned with Adair’s questionable activities when a fellow officer complained that Adair was never around and was hard to find during his shift. The director also received an anonymous call informing him that a Pleasant Grove police car had been observed outside the city limits. At the time the allegations surfaced, Adair was working the 11:00 p.m. to 7:00 a.m. shift.
Shortly after receiving the complaints, the director initiated a personal surveillance of Adair’s activities. He found that from the period of June 21, 1991 through June 29, 1991 Adair left the city limits on at least four occasions in a police car and proceeded to a residence in Concord which happened to be the residence of a fellow female police officer. On these occasions Adair stayed at the residence for periods of time of between 1 hour and 2 hours and 45 minutes. Concord was approximately 23 miles round trip from the city of Pleasant Grove.
The director testified that Adair’s activities concerned him because when Adair left the jurisdiction he was leaving the other officer on duty without backup. He explained that he was concerned with Adair’s activities because Adair was a supervisor and charged with the responsibility of seeing that others complied with the rules.
The director noted that Adair failed to fill out any activity reports, a requirement of all city police, for the days in question. In fact, Adair had not filled out an activity report in the last six months.
Adair admitted that he left the city limits while on duty to visit his fellow officer. He insists, however, that he was simply going to the officer’s house to get something to eat — an activity, which he maintains, is not contrary to the department’s regulations. Adair admitted that he had neglected to fill out his activity reports. He insists, however, that such neglect was not grounds for dismissal.
Adair’s dismissal was based on his violation of Jefferson County Personnel Board Rules and Regulations entitled “conduct unbecoming an employee in the public service” and “neglect of duty”; his violation of Pleasant Grove Police Department Rules and Regulations requiring that “[a]ll patrol units will remain on constant patrol unless called to headquarters or on other police business”; and his violation of Pleasant Grove Police Department Procedures Manual, Performance and Conduct which requires that “[a]ll patrol units shall stay in the field and actively engage in their assigned duty until relieved” and “[a]ll official reports, forms, and work activity sheets shall be turned in by the end of the tour of duty.”
We find that Adair’s own admissions that he left the city’s limits and that he neglected to fill out his activity reports presented substantial evidence to support his dismissal. His suggestion that these admitted actions were not grounds for dismissal because other officers allegedly indulged in such activities is not a proper defense to the dismissal.
Adair further suggests that the “real reason” he was dismissed was because he was “romantically involved” with his fellow officer. He contends that he was not given proper notice that his “sex life” would be an issue in the proceedings.
*320 We find Adair’s involvement with his fellow officer to be irrelevant to the disposition of this matter. We do note, however, that Adair did not zealously object to this line of questioning. In fact, it was his own attorney who questioned the fellow officer about there being sexual involvement.
The decision of the Jefferson County Personnel Board was supported by substantial evidence. We find no error in that ruling or in the circuit court’s affirmance.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.