On June 20, 1990, Duane K. Herring, a police sergeant for the City of Dothan (City), filed a grievance with the City's Personnel Board (Board), alleging inequitable treatment as a result of the salary system used by the Dothan Police Department. On January 25, 1991, following a full evidentiary hearing, the Board entered an order denying Herring's grievance. Herring then appealed the Board's decision to the circuit court, which found that the Board's denial of Herring's grievance was unreasonable. Accordingly, the circuit court entered a judgment, dated April 20, 1992, in favor of Herring.
The Board appeals to this court from the judgment of the circuit court. We reverse and remand.
At the outset we note that review by the circuit court in cases such as this is, in effect, that of certiorari and is limited to the record made before the Board. City of Mobilev. Trott, 596 So.2d 921 (Ala.Civ.App. 1991). The circuit court was precluded from substituting its judgment for that of the Board; if the Board properly applied the law and there was substantial evidence to support the Board's decision, the circuit *Page 1233 
court was bound to affirm. City of Mobile v. Mills,500 So.2d 20 (Ala.Civ.App. 1986).
We are governed by the same standard of review. If we conclude that substantial evidence existed to support the Board's decision, we must uphold it. Trott,596 So.2d 921. Substantial evidence is categorized as relevant evidence that a reasonable mind would view as sufficient to support a determination. Mills, 500 So.2d 20. It is more than a mere scintilla of evidence but can be less than a preponderance of the evidence. Freman v. City of Mobile,590 So.2d 331 (Ala.Civ.App. 1991).
The record indicates that Herring was originally employed by the Dothan Police Department in August 1984. In August 1987, at a time when he held the rank of police officer, Herring took a promotional examination, seeking the rank of sergeant. On October 9, 1988, as a result of his examination score, Herring was promoted to sergeant, the rank he held when he filed his grievance with the Board.
In his grievance Herring alleged that there were police employees with rank lower than his or with less service than he had as sergeant who were nonetheless drawing base salaries higher than his. He contended that this situation was inequitable and was a result of a departmental salary plan that had been adopted by the City in September 1988. Herring requested that the Board remedy the alleged inequity by adjusting his base salary to equal that of the highest paid junior sergeant in the department.
Evidence before the Board showed that positions within the Dothan Police Department started with the rank of police officer, then moved up to corporal, sergeant, lieutenant, captain, and, finally, chief of police. Testimony revealed that prior to September 1988, the department had in place what was known as the "equal-to-but-not-less-than" policy, under which a police employee, when promoted to a higher rank, would be paid a base salary at least equal to but not less than the highest salary in the rank below the employee's new position. Thus, a newly promoted corporal would be assured of a salary at least as high as that of any police officer; likewise, a new sergeant was assured of a salary at least as high as that of any corporal. This policy applied to all ranks and all promotions throughout the department. Also in effect within the department prior to September 1988 was a pay system awarding police employees with 3%, 5%, or 7% salary increases based on performance evaluations made by departmental supervisors. Under this system, any employee promoted to a new rank also received a merit increase in salary based on the average of previous performance evaluations.
On September 25, 1988, the City adopted a new salary system for the police department, abolishing both the "equal-to-but-not-less-than" policy and the merit-increase system. Under the new system, which was in place when Herring filed his grievance, it was possible for salary ranges among departmental ranks to overlap, so that a recently promoted sergeant might make less than a veteran corporal who was earning the maximum salary in a corporal's salary range. However, a sergeant making the maximum salary in a sergeant's salary range was assured of making more than the highest paid corporal. The same held true as between "maxed out" corporals and the highest paid police officers. Testimony at the hearing indicated that this system was modeled on the federal system.
The department's new salary system also replaced the former merit-increase system with a so-called "step plan," whereby a police employee, when promoted to the next higher rank, would earn a two-step increase in salary, amounting to approximately an 8% raise. The step plan also provided employees with automatic salary increases after each year of service completed at any rank. When the department adjusted from the old system to the new step plan, it ensured that no employee would begin at a step with a salary lower than the employee's salary under the old system.
Herring testified before the Board that when he was promoted to sergeant in October 1988, he received a two-step increase in his salary. However, because he bypassed *Page 1234 
the rank of corporal, going directly from police officer to sergeant, Herring did not receive the two-step salary increase he would have received by first going from the rank of police officer to corporal. Herring presented testimony from junior sergeants with less time at the rank of sergeant than Herring, and with less time in the department, who were currently drawing salaries higher than Herring's. The junior sergeants testified that, unlike Herring, they had been promoted to and served at the rank of corporal before being promoted to sergeant. Consequently, they had received salary increases totalling four steps between the rank of police officer and sergeant, whereas Herring had received only a two-step increase. Herring testified also that a corporal working under his supervision was currently making a salary higher than his. However, he stated that this corporal had two more years of experience with the Dothan Police Department.
The City presented testimony from its personnel director, James H. Owen, and from city manager Donald J. Marnon, who originally proposed implementation of the new salary system in September 1988. Both Owen and Marnon testified that the old "equal-to-but-not-less-than" policy was abolished because it had created various inequities within the department. Owen stated that the old policy had the effect of nullifying the value of longevity attained by senior officers working through the ranks. Under the old policy, Owen said, if a fifteen-year police officer and a three-year police officer were promoted to sergeant at the same time, the three-year officer would receive an increase in salary substantially larger than that received by the fifteen-year veteran. The new system, according to Owen, was designed to remedy this situation.
Marnon testified that the new system's implementation of pay raises for each year of service within a rank also worked to reward police employees for experience and maturity. He further testified that the new system reasonably rewarded an officer for making the rank of corporal, however short a time that rank was held. He asserted that a corporal had more experience to bring to the position of sergeant than did a police officer. He also stated that it was proper for an employee to receive a two-step increase after being promoted to corporal because "that person did clear a wicket." Other testimony indicated that the rank of corporal required at least three years of prior service as a police officer and involved the added responsibility of training police officers. Marnon testified that police employees were aware of the department's salary system and that Herring had freely chosen to forgo service as a corporal and to advance directly from police officer to sergeant.
Owen testified that, despite the repeal of the old merit-increase system, the new salary system continued to take into consideration the initiative of younger police employees wishing to advance quickly through the ranks, by awarding yearly lump-sum bonuses on the basis of merit and performance. He also testified that the step plan did not provide police officers with a disincentive to seek promotion to the rank of sergeant; because the maximum salary range within each rank was greater than the highest salary in the rank below, Owen said, officers still had an incentive to rise in rank as quickly as they could.
Both Owen and Marnon indicated that the new salary system was superior to the system it had replaced. They maintained that the new system was uniformly applied to police employees and effectively recognized their length and level of experience. While Owen and Marnon sympathized with Herring's situation, they testified that the department's salary plan had to be guided by overall policy considerations. Owen stated that the system had been applied in a nondiscriminatory manner in Herring's case and that if the department were required to make an exception for Herring it could be required to make exceptions for numerous other police employees, effectively destroying the City's pay plan.
The Board contends on appeal that there was substantial evidence in support of its decision denying Herring's grievance and maintains that the circuit court erroneously *Page 1235 
substituted its judgment for that of the Board.
The circuit court, in its order, held as follows:
 "It is the judgment of the court that the compensation paid to a police officer should at least equal that of a fellow officer with the same or less time and grade and the same or less time in overall employment and that, therefore, the action of the Personnel Board on January 25, 1991, denying sergeant Herring's grievance was unreasonable."
We find that the circuit court effectively ordered the City to return to its former salary system, and we agree with the Board that the circuit court impermissibly substituted its judgment for that of the Board. A review of the testimony reveals that there were reasonable justifications for the salary system adopted by the City in September 1988. Further, valid nondiscriminatory reasons existed for Herring's current situation. There was substantial evidence before the Board to justify the City's use of the system. Mills,500 So.2d 20. Any determination as to the weight and credibility of the evidence and any inferences drawn therefrom were to be made by the Board. Williams v. City of Dothan Personnel Board,579 So.2d 1350 (Ala.Civ.App. 1991).
Because there was substantial evidence to support the Board's decision, we hold that the judgment of the circuit court is due to be reversed and the cause remanded with instructions to the circuit court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.