THIGPEN, Judge.
This is an employment termination case.
The Board of Water and Sewer Commissioners of the City of Mobile (Water) terminated David Leo Smith’s employment in April 1992, for “The Commitment of any Criminal Act” and “Conduct Unbecoming an Employee.” Following Smith’s appeal, the Personnel Board of Mobile County, Alabama (Board) upheld his dismissal in an order dated June 1, 1992. Smith’s appeal to the Circuit Court of Mobile County was submitted on briefs, a joint stipulation, and the record. The trial court set aside and vacated the Board’s order, and it ordered that Smith be reinstated to employment status. The Board appeals.
The Board contends on appeal that the trial court erred in vacating its ruling, and that the Board’s dismissal of Smith was supported by substantial evidence.
Appeal to the trial court in cases involving the Mobile County Personnel Board is taken pursuant to 1939 Ala. Acts No. 470 (Reg. Session), § XXXIV.
“The above section gives to the circuit court a right of review of the Board’s order. This section makes clear that the discretionary actions of the Board, to-wit, the extent or severity of the punishment are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld and the conclusions or order from such findings shall be upheld unless unlawful or unreasonable within the meaning of the act.”
Grant v. City of Mobile, 50 Ala.App. 684, 689, 282 So.2d 285, 290 (Ala.Civ.App.), cer. denied, 291 Ala. 458, 282 So.2d 291 (1973). This does not mean that the trial court may pass judgment as to the ultimate wisdom or propriety of the Board’s action. Doing so would be beyond the scope of the trial court’s authority. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985).
The Board first contends that the trial court committed reversible error in finding that the Board’s action was unreasonable. The record reveals that Smith was arrested in September 1991, for third-degree burglary and receiving stolen property in the second degree, which are Class C felonies pursuant to Ala.Code 1975, § 13A-7-7 and § 18A-8-18. Smith admitted that he and an acquaintance broke into a business in 1989. Pursuant to an agreement, Smith entered a plea of guilty to receiving stolen property in the third degree, a Class A misdemeanor. Ala. Code 1975, § 13A-8-19.
At the Board hearing, John R. Von Sprecken, superintendent of the Mobile Water Services (Services), stated that Services had hired felons in the past, but that a recent directive from the Board disapproved of hiring felons. Von Sprecken stated that Services had previous terminations because of misdemeanors, but he was unable to cite any specific examples. The trial court order stated that “[wjhile Von Sprecken testified that he acted upon [the Board’s] directive and that his actions were acquiesced in by the other supervisors, this testimony was controverted by [Bernard] Richardson and by those supervisors.” Richardson, the Board’s personnel director, testified that the Board had adopted a policy against hiring felons, but that he believed there had never been a directive to that effect. Richardson further stated that the Board had no policy regarding misdemeanors.
Smith’s immediate supervisors testified that Smith had been a “good employee” and that he had worked for them for many years without incident. The record supports the trial court’s specific findings that
*887 “[t]here was no evidence that the conduct (which had occurred years prior) was anything but an isolated and disassociated incident. There was no evidence of any type of continuing criminal conduct. Most importantly, there was no evidence that the conduct fell within the purview of any announced employment hiring or retention policy or rules. Indeed, the testimony was to the contrary. The consequences of the board’s actions would not only preclude anyone convicted of any crime from ever openly holding a merit system job, it predisposes merit system employees to the vagaries of political pressure and the specter of the uneven application of undisclosed and vague standards. The board’s actions run counter to the implicit and explicit contractual guarantees of employment rights for merit system employees like Smith.” (Emphasis in original.)
This court’s standard of review is the same as the trial court’s. Freman v. City of Mobile, 590 So.2d 331 (Ala.Civ.App. 1991). This court’s review is limited to the record made before the Board, and the questions of law presented. Lowery v. City of Mobile Police Department, 448 So.2d 388 (Ala.Civ.App.1984). Careful review of the record reveals that the Board’s action in terminating Smith was unreasonable. Although Smith was charged with a felony crime, he was convicted of a misdemeanor. The Board admittedly had no policy regarding misdemeanors, and only an unwritten policy regarding felonies. The record supports the trial court’s express finding that the Board’s action to terminate Smith’s employment for a misdemeanor was unreasonable. Grant, supra. Reasonableness or unreasonableness may relate to an agency’s implementation and application for its own policies and rules. Thus, while the trial court may not substitute its judgment for the wisdom of the Board, see Seals, supra, nevertheless, to terminate one’s employment based upon a violation of “undisclosed and vague standards” may be determined to be unreasonable.
The Board last argues that its order terminating Smith’s employment was supported by substantial evidence and that the trial court failed to address the question of substantial evidence. Having determined that the Board’s order was due to be set aside because its conclusions were unreasonable, it was unnecessary for the trial court to address the propriety of the Board’s findings. We are mindful that prior appellate decisions (see ergo, Williams v. Mobile County Personnel Board, 607 So.2d 268 (Ala.Civ.App. 1992); Board of Water and Sewer Commissioners of the City of Mobile v. Smith, 591 So.2d 521 (Ala.Civ.App.1991); Freman, supra; and Seals, supra) state as our standard of review that we must affirm the judgment of the Board if there is substantial evidence to support its findings; however, these eases were reviewed on issues limited to the sufficiency of the evidence, not to reasonableness or lawfulness of the action as mandated by § XXXIV and Grant, supra.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., dissents.