SHORES, Justice.
The Civil Service Board of Appeals for the Lauderdale County Sheriffs Department appeals from a judgment of the circuit court awarding Deputy Sheriff David Daniels full back pay and benefits based on the court’s finding that he had been wrongfully discharged. We affirm in part; reverse in part; and remand.
On May 4,1991, Deputy Daniels arrived at the Lauderdale County Courthouse at 10:45 p.m., 15 minutes before his scheduled work shift was to begin. As he exited the elevator and passed the dispatch room, Dispatcher Carolyn Dowdy told Daniels to “get that phone and talk to him — him or her.” Daniels testified that he thought Dowdy was speaking to someone else and that he therefore continued to the deputy station in the sheriffs office. Dowdy then called out, “Did you hear me, David?” Daniels did not respond, because, he said, Dowdy’s tone was rude and she had no authority to place him on duty before the beginning of his scheduled shift. Daniels later confronted Dowdy and told her, in harsh language, never to order him to do anything before the start of his scheduled shift.
After this exchange, Dowdy telephoned Sheriff William “Billy” Townsend, asked him to come to the jail, and, referring to Daniels in a derogatory manner, stated that Daniels was the cause of the trouble. Sheriff Townsend thereafter called a meeting with Daniels and Dowdy and scheduled it for May 14, 1991, Daniels’s day off. Daniels requested that the meeting be rescheduled so that it would not occur on his day off. Daniels’s request was denied, but he was told that he would be paid for his time. Because Dowdy made some unrelated allegations of criminal activity against Daniels, Daniels also requested that he be allowed to have his lawyer present at the meeting. This request was also denied. Daniels did not attend the meeting because, he said, he felt that he had said everything that needed to be said in a statement he had submitted to Sheriff Townsend. Sheriff Townsend dismissed Daniels on May 15, 1991; he took no action against Dowdy.
Daniels appealed to the Board of Appeals on June 12, 1991. After a hearing on the matter, and without stating its reasons for doing so, the Board of Appeals, on August 6, 1991, reinstated Daniels and assigned a retroactive suspension period of 90 days without pay or benefits. Daniels appealed to the Lauderdale County Circuit Court. Both the Board of Appeals and Daniels moved for a summary judgment. The circuit court then entered an order reducing Daniels’s suspension from 90 days to 30 days. The Board of Appeals moved for a “rehearing” and for a new trial. The circuit court granted the motion. The Board of Appeals filed with the circuit court a transcript of the proceedings that had taken place before the Board of Appeals. The circuit court subsequently reversed the order of the Board of Appeals and awarded Daniels full back pay and benefits for the 90-day period for which the Board of Appeals had suspended him. The Board of Appeals appeals.
*428 The circuit court’s review of the order of the Board of Appeals is by certiora-ri. City of Mobile v. Trott, 596 So.2d 921, 922 (Ala.Civ.App.1991); Lowery v. City of Mobile Police Dep’t, 448 So.2d 388, 390 (Ala. Civ.App.1984). The circuit court’s review is limited to the record made before the Board of Appeals and to questions of law, and the circuit court must affirm the order of the Board of Appeals if there is substantial evidence in the record to support that order. Trott, supra; Lowery, supra. We, too, must only look to see if the order of the Board of Appeals is supported by substantial evidence. Trott, supra; Lowery, supra.
After the hearing, and without stating its reasons for doing so, the Board of Appeals reinstated Daniels and imposed a retroactive suspension period of 90 days without pay or benefits. Pursuant to Act No. 586, § 8, Alabama Acts 1965, the Civil Service Board of Appeals shall, after a hearing, “take such disciplinary action as in its judgment is warranted by the evidence and under the law.” However, § 6 of that Act provides, “Before any deputy may be suspended or demoted, he must be given written notice at least five days in advance of such cause of action, and no suspension shall be for more than thirty days duration in any twelve months period.” The circuit court also did not state its reasons for its original order reducing the suspension imposed on Daniels from 90 to 30 days. A different judge of the circuit court reheard the ease. He reasoned that the Board of Appeals must have found that Daniels had been wrongfully discharged. That judge read Lauderdale County v. Daniels, 431 So.2d 1266, 1267 (Ala.1983), as requiring full back pay and benefits when a county employee has been wrongfully discharged, and he entered an order consistent with that reading.
We find this case distinguishable from our 1983 Daniels case. In that 1983 case, we held that Daniels had been wrongfully discharged and that he had done nothing to warrant disciplinary action. Therefore, we ordered that he was “entitled to be compensated for the time for which he was wrongfully deprived of his salary and fringe benefits.” 431 So.2d at 1267. Here, although the Board of Appeals ordered reinstatement and, therefore, must have found that Daniels had been wrongfully discharged, it ordered a retroactive suspension of 90 days. Because it ordered this suspension, we can only assume that the Board of Appeals found that Daniels’s conduct warranted disciplinary action, but that it did not warrant dismissal. Our review of the record discloses substantial evidence to support this finding.
However, the Board of Appeals misapplied the law in ordering a 90-day retroactive suspension. Pursuant to § 6 of Act No. 586, the maximum suspension during any 12-month period is 30 days.
For the foregoing reasons, we affirm the judgment of the circuit court insofar as it holds that Daniels was wrongfully discharged; we reverse that judgment insofar as it ordered full back pay and benefits; and we remand the cause to that court for an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.