THIGPEN, Judge.
This is an employee suspension case.
Lieutenant John Wayne Boone, an employee of the Mobile Police Department (Department), was suspended by the Department for ten days without pay for (1) failure to immediately notify his supervisor of the loss or damage of Department property, and (2) negligence in his protection of sensitive Department property in his possession. Boone appealed that decision to the Mobile County Personnel Board (Board), and after a hearing, the Board reduced his suspension to five days. Boone then appealed to the circuit court, which set aside the suspension. The City of Mobile (City) and the Board appeal to this court.
The City and the Board argue two issues on appeal: (1) whether substantial evidence supported the Board’s decision, and (2) whether the trial court had jurisdiction to address constitutional issues.
In City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985), this court extensively quoted 1939 Ala. Acts No. 470 (Reg. Session), § XXXIV. In pertinent part, the “[findings of fact of [the Mobile County Personnel Board] contained in [the transcript of the proceedings] if supported by substantial evidence adduced before said Board ... shall be conclusive” on appeal to the trial court. Seals at 438. The trial court’s review is limited to the record and issues before the Board, and the trial court may not substitute its judgment for that of the Board. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App. 1985).
The City and the Board contend that the Board’s decision to impose a five-day suspension upon Boone is supported by substantial evidence. The record reveals that while Boone and his wife were visiting a Mobile area business, the unmarked Department vehicle, which he was using, was burglarized of both Department property and personal property. Although the theft occurred on a Saturday, Boone did not report the incident to his supervisor until the following Tuesday. Boone’s supervisor testified that he would have preferred for Boone to have reported the incident the same day, rather than wait until he reported for duty three days later. The day after the theft, Boone went on a personal trip, leaving the city vehicle in its damaged condition until he reported for duty three days later.
A sergeant from the Mobile County Sheriffs office, who investigated the theft scene, testified from an incident report which listed, among other items, a pistol, a cash box, and a briefcase as the stolen articles. Boone’s supervisor testified that Boone told him the briefcase contained a notebook with information regarding a sting operation, and a list of informants and their phone numbers. Although Boone testified that he had hidden the briefcase under a raincoat in the back seat, the supervisor testified that he considered Boone’s leaving sensitive information in the car as a neglect of duty. Boone maintained that the information in the briefcase regarding the sting operation was not information that could jeopardize the operation. The officer who conducted the department’s pre-disciplinary hearing stated that Boone’s carelessness in leaving the information regarding the sting operation unattended justified the suspension.
This court is bound by the same substantial evidence standard of review that applies to the trial court. Freman v. City of Mobile, 590 So.2d 331 (Ala.Civ.App.1991); Seals, supra. Our careful review of the record reveals that the Board’s decision to suspend Boone for five days without pay is supported by substantial evidence. The trial court concluded that Boone “was the victim of an unforeseeable crime,” and set aside the suspension. In its order, the trial court emphasized its reliance on testimony that other officers had not been disciplined after their city vehicles were burglarized. The Board emphasized the supervisor’s and the hearing officer’s testimony that Boone was careless and exercised poor judgment in leaving police information in plain view and unattended inside the car. The Board, as the trier of fact, has the duty to resolve conflicting testimony. City of Mobile v. Mills, 500 So.2d 20 (Ala.Civ.App.1986). . The trial court is duty- *977 bound to affirm the Board’s decision if substantial evidence supports it, and the trial court may not substitute its judgment for that of the Board. Mills, supra. Therefore, the trial court erred in setting aside the suspension imposed by the Board.
The City and the Board further contend that the trial court did not have jurisdiction to address constitutional issues. Only those issues presented to the Board will be addressed on appeal. City of Mobile v. Trott, 596 So.2d 921 (Ala.Civ.App.1991). Boone’s failure to raise any constitutional issues before the Board precludes a ruling on those issues on appeal.
The judgment of the circuit court is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
YATES, J., recuses.