THIGPEN, Judge.
This is an overtime compensation case.
The parties have previously appeared before this court. See Mosley v. James T. Strickland Youth Center, 560 So.2d 1062 (Ala.Civ.App.1989), wherein this court ruled that the employees were not entitled to judicial review of their claim for unpaid overtime compensation because they had not exhausted their administrative remedies. Following a hearing before the Mobile County Personnel Board (Board), the Board ruled that the employees were not entitled to overtime compensation because they were professional *317 employees. The employees appealed to the trial court, which affirmed the Board’s decision. Hence, this appeal.
The employees raise one issue on appeal: whether they are nonprofessional employees, entitled to overtime compensation.
In City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985), this court extensively quoted 1939 Ala. Acts No. 470 (Reg. Session), § XXXIV. That action provides, in pertinent part, that the “[findings of fact of [the Mobile County Personnel Board] contained in [the transcript of the proceedings] if supported by substantial evidence adduced before said Board ... shall be conclusive” on appeal to the trial court. Seals at 433. The trial court’s review is limited to the record and issues before the Board, and the trial court may not substitute its judgment for that of the Board. Seals, supra. This court is bound by the same substantial evidence standard of review that applies to the trial court. Freman v. City of Mobile, 590 So.2d 331 (Ala.Civ.App.1991); Seals, supra.
During pertinent times, Linda Mosley and Brenda Kennedy were employed as intake counselors at the James T. Strickland Youth Center. The record reveals that intake counselors were “on call” and were required to leave a contact telephone number where they could be reached. Mosley and Kennedy claim that they should have received overtime compensation for those hours that they were on call. The Board determined that Mosley and Kennedy, as intake counselors, were professional employees, and thus, were exempt from overtime compensation requirements.
There is testimony that the Board attempted to adhere to the Fair Labor Standards Act, which requires, subject to certain exceptions, that employers pay overtime compensation to employees for hours worked in excess of 40 hours per week. 29 U.S.C.A. § 207. The Act exempts professional employees, along with certain others, from the employer’s overtime compensation requirements. 29 U.S.C.A. § 213(a)(1). The duties of one employed in a professional capacity include work that requires specialized and advanced education, as well as the consistent exercise of discretion and judgment, and work that is intellectual and varied so as not to be measured in a standard output or standard result. 29 C.F.R. § 541.3.
Mosley and Kennedy each asserted that the intake counselor position did not require the exercise of the professional skills received from their education. They each testified that being “on call” was a constant disruption to one’s private life, that paperwork comprised the majority of the intake counselor’s duties, and that only a fraction of the job involved professional counseling.
Robert J. Martin, the chief coordinator and chief probation officer at the Youth Center, testified that the position of intake counselor is a professional social casework position. Martin testified that, at the time Mosley and Kennedy were hired, the position required a master’s degree in sociology or in a closely-related field of study, and one year of responsible, successful experience in social casework. He stated that the primary duty of an intake counselor was to make the initial decision regarding how to proceed in each juvenile case considering the surrounding circumstances. He further explained that this decision involved interviewing the juvenile and the parents, deciding whether to proceed with a court action, and deciding whether to detain the juvenile. Martin further testified that professional training is necessary to make those decisions, and to perform counseling for the juveniles and parents.
Nancy Winfree, who was an intake counselor for several years along with Mosley and Kennedy, responded affirmatively that the performance of the intake counselor’s duties required professional skill and judgment. She testified that an intake counselor also refers a juvenile to the appropriate resources for addressing certain problems. She also testified that doing the necessary paperwork and informing the juvenile of his or her rights comprised approximately 30% of the intake counselor’s responsibilities.
The conflicting evidence presented to the Board contained substantial evidence that supports the Board’s finding that Mosley and Kennedy are professional employees, and thus are exempt from the overtime compensation requirements for the hours they were *318 on call. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.